UNITED STATES, Appellee

v

JOHN D. CARPENTER, Airman Third Class
U. S. Air Force, Appellant

11 USCMA 418, 29 CMR 234

*Major Charles K. Rush* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James L. Kilgore.*

*Captain Richard T. Yery* argued the cause for Appellee, United States. With him on the brief was *Colonel John F. Hannigan.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty to eleven specifications in violation of Article 92 and one specification contrary to Article 134, Uniform Code of Military Justice, 10 USC §§ 892 and 934, respectively. Generally speaking, the first mentioned eleven specifications alleged that at stated times, covering a period of some six months, the accused was engaged in black market operations in France. The last specification alleged wrongful possession of counterfeit United States currency with intent to defraud. During the course of arguments on sentence, trial counsel made certain comments which accused, in his petition for review, assigns as error with consequential prejudice. We granted his petition to consider the assignment and only the operative facts relevant to that issue need be stated.

In presenting his arguments on sentence, trial defense counsel made an extended unsworn statement which included reference to the accused's previous home life, his youth, the temptations available in overseas areas for young and impressionable airmen, and various reasons why a punitive discharge should not be adjudged. In answer to those arguments, trial counsel stated that defense counsel was correct in mentioning that certain factors touching on sentence should be taken into consideration, but that those same factors are considered by convening authorities in determining the type of court to which the charges are referred.

After some additional comments, not of importance in this setting, he stated: "As I say this, I am sure that the convening authority already took into consideration . . . ." Individual defense counsel interjected an objection and trial counsel withdrew his remarks. He thereupon restated his thoughts in words which conveyed the meaning that the convening authority in selecting a court was supposed to take into consideration all clemency factors and refer a case to a court which could impose a sentence which is fair and just, both to the Government and the accused.

We agree with appellate defense counsel's contention that the remarks of trial counsel were improper; however, when taken in context and considered in the light of the other arguments and the instructions given by the president of the court we are certain the accused was not prejudiced. The court members were specifically charged that each had the duty to decide for himself what punishment was appropriate and there is nothing in the record in conflict with that instruction. On the contrary, the record speaks eloquently to the effect that the members were independent and unimpressed by the comments. Moreover, their sentence alone suggests they were not led to believe, by the remarks, that the convening authority was seeking to influence them in their deliberations or that he was expecting them to render the maximum sentence. The most severe punishment imposable by a special court-martial is

**419**

a bad-conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for the same period of time, and reduction to the lowest pay grade. In the case at bar, the court members imposed only a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $50.00 per month for two months, and reduction to basic airman.

In assessing the possibility of prejudice on sentence, under circumstances such as these, consideration must be given to the nature and seriousness of the offenses committed by the accused. The black marketing operations consisted of the unlawful purchase and sale of cigarettes and whiskey which were obtained by the illegal use of ration cards belonging to other airmen. These offenses, absent the jurisdictional limits of a special court-martial, would permit imposition of confinement at hard labor for twenty-two years, together with total forfeitures of pay and allowances and other accessories. However, in addition to those crimes, the court-martial had to consider the serious offense of possession of counterfeit United States currency. Assuming that crime is most closely related to the offense denounced by Title 18, United States Code, § 473 (Cf. 10 USC § 474), the maximum imposable punishment therefor is a fine of $5,000.00 and imprisonment for ten years. By simple computations, it is apparent the accused had pleaded guilty to offenses which carried dishonorable discharge, thirty-two years imprisonment, a large fine, and forfeitures as a maximum penalty. From the sentence imposed, which was well below the maximum limit of a special court, we are convinced the court-martial members were not influenced by the remarks of trial counsel; that they exercised their own independent judgment; that they gave consideration to all clemency factors; and that they rendered a fair and just sentence guided solely by the evidence presented to them. Accordingly, finding no possibility of prejudice, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

While I agree that the trial counsel's erroneous comments did not prejudice the substantial rights of the accused in this case, I desire fully to disassociate myself from the argument contained in the last paragraph of the opinion. Not only is it inconsistent with our holdings in United States v Jones, 10 USCMA 532, 28 CMR 98, and United States v Eschmann, 11 USCMA 64, 28 CMR 288, but it is unnecessary to the disposition of the case.