UNITED STATES, Appellee

v

ROBERT HOLT CRUTCHER, Seaman, U. S. Navy, Appellant

11 USCMA 483, 29 CMR 299

*Lieutenant (jg) Martin Drobac* was on the brief for Appellant, Accused.
*Captain Warren C. Kiracofe* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial found the accused guilty of three offenses alleged as violations of Article 134 of the Uniform Code of Military Justice, 10 USC § 934. Arguing for a maximum sentence, trial counsel contended that by directing trial by special court-martial the convening authority had already "reduced" the accused's punishment "to roughly one-thirtieth of its initial possibility." This was error. United States v Carpenter, 11 USCMA 418, 29 CMR 234. Trial counsel also set out the maximum penalty authorized by the Table of Maximum Punishments, which substantially exceeded the punishment power of a special court-martial. This too was error. United States v Green, 11 USCMA 478, 29 CMR 294. While it is arguable that under the circumstances of the case the accused was not prejudiced by the improper argument of trial counsel, the accused is entitled to the benefit of the doubt. Accordingly, we set aside the sentence and return the record of trial to The Judge Advocate General of the Navy for submission to the board of review for reconsideration of the sentence in the light of this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

### I

Accused was convicted by special court-martial of one count of wrongful possession and two specifications of wrongful sale of marihuana. He stands sentenced to bad-conduct discharge, forfeiture of $28.00 per month for four months, confinement for that same period, and reduction to seaman recruit.

The majority, citing our decisions in United States v Green, 11 USCMA 478, 29 CMR 294, this day decided, and United States v Carpenter, 11 USCMA 418, 29 CMR 234, set aside the sentence on the basis of trial counsel's arguments for severe punishment. Specifically, the two alleged errors are the following. First, trial counsel argued that narcotics offenses were most reprehensive and repulsive, and constituted serious crimes, pointing out as an indication of that fact that the Table of Maximum Punishments authorized a penalty of dishonorable discharge, total forfeitures, confinement at hard labor for five years, and reduction to the lowest pay grade for each offense. Second, trial counsel argued that by referring accused's case to a special court-martial the convening authority had already minimized the imposable confinement and that accused was not entitled, in light of the nature of his crimes, to any further reduction, and that the court-martial should not grant any in adjudging sentence. Unlike my brothers, I cannot so easily determine that these arguments by trial counsel were improper, and certainly it is most difficult, for me, to conclude the *Green* and *Carpenter* cases, supra, are dispositive.

### II

With regard to mention by trial counsel of the sentence authorized by the Table of Maximum Punishments, there is some substantial difference between argument counsel is permitted to make, and items which may properly be included in instructions to the court-martial. Apart from my disagreement with the decision in United States v Green, supra, I point out that it was predicated not on argument by counsel, but on the instructions by the president

of the court. In that connection I believe it worthwhile to consider the charge given by the senior court member in the case at bar:

"The court is advised that the maximum punishment for which the accused has been found guilty is a bad conduct discharge, confinement at hard labor not to exceed six months, forfeiture of two-thirds pay per month not to exceed six months, and reduction to seaman recruit."

Never once did the president even allude to any other standard. In addition, he specifically instructed that the court alone was solely responsible for determining an appropriate sentence within the limits he had prescribed, and without reference to any action by the convening or other authority.

Manifestly the error found in *Green* is not present here. To the contrary, the court-martial was instructed exactly in accordance with this Court's opinion in that case. Trial counsel argued that a sentence including bad-conduct discharge, partial forfeitures and confinement for six months, and reduction was appropriate for these serious crimes, and he mentioned the Table of Maximum Punishments to give the court-martial some appreciation of the gravity of the crimes, but he did not in any way lead the court to believe it could consider any penalty for these offenses greater than permitted by the jurisdiction of a special court. I believe that such an argument by trial counsel is permissible and within fair bounds. For my colleagues to conclude otherwise is to dry up the fountain of knowledge which should be available to the special court and which it badly needs.

### III

Turning to the second facet of the case, again the citation of authority by my brothers is inept. True trial counsel mentioned that the convening authority had minimized the possible sentence by referring the case to a special court-martial, but he argued that the court should adjudge the permissible maximum on the basis of the enormity of accused's crimes. That presents a somewhat different picture than that in United States v Carpenter, supra, where the defense contended that certain clemency factors made a punitive discharge inappropriate and trial counsel opposed those arguments with the comment that the convening authority had already considered all the· clemency factors in referring the case to trial.

Despite the obvious difference, however, I am willing to concede *arguendo* that such argument was improper. Under those circumstances we are still faced with the question of prejudice, and, as in *Carpenter*, I am unable to find any. As previously noted, the court members were instructed that they themselves were to decide what punishment was appropriate, and nothing appears of record which conflicts with that charge. And a perusal of the transcript makes it obvious just how independently the president and other court members conducted themselves at the trial, and how solicitous they were that accused's rights be fully protected. In fact, during the arguments on sentence, the president of the court, stating that he did not desire to force the defense to answer extemporaneously, ordered a recess for some thirty minutes in order to permit defense counsel to prepare an answer to the argument trial counsel had presented. In light of that background, and considering the grave consequences and serious nature of peddling narcotics, as is indeed evidenced by the severe penalty imposable for such crimes—a factor we ourselves noted in the · *Carpenter* case—I am forced to conclude that trial counsel's argument had no influence on the court-martial. The majority concede that position to be arguable, but nonetheless, on the naked and intangible assertion that "accused is entitled to the benefit of the doubt," set aside the sentence. In the posture of this record, as I have outlined it, I am completely at a loss to know wherefrom any doubt arises. Certainly not only does the correct legal rule require resolution of doubts in favor of accused persons, but a holding to that effect, when there is some misgiving about the matter, is most admirable. However, to find uncertainty without any basis therefor is to defeat

justice. Not only does society lose, but in the long run the many accused whose cases may later be affected are also harmed even though one man today is given an unwarranted windfall.

Finally, it is of some interest that my associates merely return the case to the board of review for reassessment of sentence. That tribunal has already affirmed what it considered to be an appropriate sentence and, as a matter of some moment, the board reduced the period of confinement and forfeitures to four months. The confinement portion of the sentence has already been served, so the important part of the punishment as yet unexecuted is the punitive discharge. In light of accused's crimes and the board of review's prior consideration of the sentence, which obviously was not influenced by trial counsel's arguments, the possibility that the board will change that portion of the sentence is infinitesimal. Accordingly, it will be most surprising if accused realizes any real benefit from this reversal.

For the foregoing reasons, I would affirm the decision of the board of review.