UNITED STATES, Appellee

v

ADRIAN IRVING LEWIS, Airman Apprentice,
U. S. Navy, Appellant

11 USCMA 503, 29 CMR 319

No. 13,919

Decided May 27, 1960

Fred W. Shields, Esquire, Lieutenant Colonel E. W. Johnson, USMC, and Lieutenant (jg) Frederick A. Cone, USNR, were on the brief for Appellant, Accused.

Major Ted H. Collins, USMC, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused contends the president of the special court-martial erred to his prejudice by instructing the court members that the maximum sentence for one of the two offenses of which he was found guilty included confinement for a term exceeding that which could be legally imposed by a special court-martial. United States v Green, 11 USCMA 478, 29 CMR 294. The challenged instruction is as follows:

". . . The maximum punishment on Specification 1 under Charge II violation of Article 121 of the Uniform Code of Military Justice, larceny of property of a value of more than $50.00, is a Bad Conduct Discharge, confinement at hard labor not to exceed five years and forfeiture of two-thirds pay. Correction, under this court the maximum confinement will be confinement for a period of not more than six months and forfeiture of two-thirds pay per month for a like period and reduction to the lowest enlisted rating. Inasmuch as this trial is by a special court-martial, the maximum permissible punishment that may be adjudged is: To be discharged from the service with a bad conduct discharge, to be confined at hard labor for six months, to forfeit two-thirds pay per month for six months, and to be reduced to the lowest enlisted pay grade."

From the joinder of a bad-conduct discharge and partial forfeiture with confinement at hard labor for five years, it is apparent the president confused the limit of punishment authorized by the Table of Maximum Punishments for larceny in excess of $50.00 and the jurisdictional limitation on the sentence power of a special court-martial prescribed by the Uniform Code of Military Justice. See Article 19, Uniform Code of Military Justice, 10 USC § 819. However, he immediately corrected the instruction and informed the court members of the proper limitation of punishment. There is, therefore, no error. Accordingly, the decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.