UNITED STATES, Appellee

v

DAVID J. McCLURE, Recruit, U. S. Army, Appellant

11 USCMA 552, 29 CMR 368

No. 13,851

Decided June 24, 1960

First Lieutenant Ralph T. Smith argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Ralph Herrod.

First Lieutenant Barry L. Kroll argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel James G. McConaughy.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty to the larceny of a radio of a value of over $20.00 and less than $50.00. He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, and total forfeiture of all pay and allowances. The convening authority reduced the period of confinement at hard labor to ten months but otherwise approved the sentence, and thereafter a board of review in the office of The Judge Advocate General of the Army affirmed the proceedings. We granted accused's petition for review to determine whether he had been prejudiced by the testimony of the Article 32 investigating officer who was called as a witness for the Government during the hearing on the sentence.

The issue arose in the following manner. Accused, who had served but a short time in the Army, had been transferred to Fort Sill, Oklahoma, approximately two months prior to the date of the commission of the offense. His counsel called two sergeants under whom he had served and, in response to questions, they testified as to the manner in which he had performed his military duties. One sergeant declared that the accused was a good soldier who was above the average of the rest of the men, and that he performed his assigned tasks very well. The other expressed the view that the accused carried out his duties in an excellent manner. See paragraph 75c(4), Manual for Courts-Martial, United States, 1951. In rebuttal, the Government called a captain who was the Article 32 investigating officer for this particular offense. His only knowledge of the accused was obtained through his activities as investigating officer, and his opinion was based solely on information acquired while gathering facts on this alleged crime. Even though his opinion was based solely on the facts submitted by persons who were to be prosecution witnesses, he was permitted to testify that he would not want the accused in his command and he would not desire to have him as a soldier in combat. Defense counsel objected to the admissibility of the testimony but, after the law officer indicated the objection was overruled, defense counsel withdrew it, apparently under the mistaken belief it was necessary to do so to cross-examine the witness.

While it might be contended that an issue such as herein involved goes more to the weight of the testimony of the officer than its competency, we are of the opinion that the objection to his testimony should have been sustained. The record shows clearly that he was basing his opinion on the evidence given by persons who only knew the accused as a criminal. Obviously, that is an improper foundation to support an opinion on traits of character for the base contains only information detrimental to the accused and from sources which normally would be hostile. It is conceded that accused's character, reputation or performance of military duties were not in issue at the pretrial investigation, and for aught that appears the investigating officer had no proper source of information. The accused had never served in a unit with the investigating officer, and the latter had no firsthand information on the accused's military service record or his civilian background. The officer was only a legal conduit through which information on a criminal offense passed, and it could hardly be expected that he would get an unbiased report from witnesses who were being interviewed on a criminal charge. His activities may be likened to those of a witness who goes into a community for the purpose of ascertaining the reputation of a defendant and makes inquiry only of those citizens who are the victims of a crime. Under those circumstances it could hardly be contended that the witness had an opportunity regularly and for a sufficient period of time to make a reasonably comprehensive and reliable estimate of the character or reputation of the defendant. In the case at bar, the investigating officer had neither time, opportunity, nor relationship with the accused to form any opinion on the latter's combat capabilities or his performance of military duties. See paragraph 138f (1), Manual for Courts-Martial, United States, 1951.

Aside from the lack of qualification of the investigating officer to testify on the subject matter involved, there is an abuse of a judicial assignment which must be reached. By virtue of his position, the investigating officer acts in a judicial capacity. He is required to conduct the hearing in a fair and impartial manner, and he should not be permitted to be used subsequently in a manner which has a tendency to restrict the value of a pretrial hearing. If an investigating officer may be used to furnish the court-martial with his opinion on evidence he hears, he makes a mockery of the hearing. A pretrial investigation is an exploratory proceeding, and the accused should not

553.

be placed in a situation where he is shackled in developing fully all aspects of his defense at trial. However, if the weight of the officer who conducts that hearing can be cast against the accused, the latter must take care that he does nothing to offend the investigator, otherwise, he is faced with a hostile witness who is devoid of qualifications for the purposes selected. Moreover this sort of proceeding places the investigating officer in a preferred position. In that connection, it is to be remembered that the purposes of the investigating officer are to determine the probability that an offense has been committed by the accused and the nature of the court which should hear the controversy. Under this situation, in legal effect, he is given the further authority to recommend that the accused be separated from the service, for based on what he learns in the pretrial hearing he informs the court-martial there is no good purpose to be served by retaining the accused in the military community. That decision should be made by members of the court-martial based on all the pertinent factors and not by the investigating officer on what in most instances is a one-sided foundation. Furthermore, if the showing of undesirability before the court-martial is not of the best, the members may be misled into believing that the investigating officer is in a preferred position to advise them on sentence and has acquired some information by virtue of his official position not known to them.

To avoid any question of creating a situation where the Article 32 investigating officer may destroy his usefulness, we place our stamp of disapproval on a proceeding which permits him to express an opinion on the military character of an accused when his only source of information is found in his investigation activities. While in this case, it can be argued that we should not reach the question because the defense counsel withdrew his objection, that assertion is not persuasive in this setting because the law officer had ruled that the objection would be denied and any procedural irregularity on the part of the defense counsel did not contribute to the erroneous ruling.

The error affects only the sentence imposed in this case. Accordingly, the record is returned to The Judge Advocate General of the Army for reference to a board of review with instructions to reconsider the sentence and to affirm only such punishment as the members may find to be fair and just in the light of this opinion.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring):

In my opinion, the error here "goes to the punitive discharge rather than to any other aspect of the sentence [and, consequently,] a reduction in the term of confinement can hardly be considered as purging the error." United States v Lackey, 8 USCMA 718, 25 CMR 222. I would, therefore, return the record of trial to the board of review with directions that, in its discretion, it consider a sentence which does not include a punitive discharge or order a rehearing on the sentence.