## UNITED STATES, Appellee

v

## GLEN L. BARNES, JR., Private, U. S. Marine Corps, Appellant

### 11 USCMA 671, 29 CMR 487

### No. 14,048

### Decided July 15, 1960

*Lieutenant Eric L. Keisman,* USNR, was on the brief for Appellant, Accused.

*Captain Warren C. Kiracofe,* USN, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question in this case is whether the president of the special court-martial that tried the accused, erroneously instructed the court on the limits of punishment. The accused contends the instruction is improper under our decision in United States v Green, 11 USCMA 478, 29 CMR 294. In the *Green* case the president of the special court-martial instructed the court members, in substance, that the maximum penalty for the offense charged was a dishonorable discharge, total forfeitures, and confinement at hard labor for five years but since the court was a special court-martial it was limited to a bad-conduct discharge and confinement at hard labor for six months. This Court held it was error to instruct on

**671**

the limits of the particular offense prescribed in the Table of Maximum Punishments set out in the Manual for Courts-Martial, United States, 1951, when those limits exceed the jurisdictional power of the court-martial. The error was considered prejudicial because the higher penalty for the offense prescribed by the Table of Maximum Punishments might reasonably have influenced the court to impose a more severe sentence. Nowhere in the instructions in this case was the court advised of a penalty in excess of that which it was empowered to adjudge under the Uniform Code of Military Justice. The instruction challenged by the accused is as follows:

"PRES: The court is advised that the maximum permissible [sic] punishment to be adjudged is a Bad Conduct Discharge. Confinement at hard labor for a period not to exceed six months. Forfeiture of 2/3's pay per month for a period not to exceed six months. Speecifically[sic] as to the maximum permissible [sic] sentence for the specification and charges of which conviction is to be adjudged. Article 134, Confinement at hard labor not to exceed four months. Forfeiture of two-thirds pay per month for a period not to exceed four months. Specification II.

Bad Conduct Discharge, Forfeiture 2/3's pay per month for a period not to exceed six months and confinement at hard labor not to exceed 6 months. Article 117, Confinement at hard labor not to exceed 3 months, forfeiture of two-thirds pay per month not to exceed three months."

None of the offenses of which the accused was convicted carries a maximum in excess of that imposable by a special court-martial under the Uniform Code of Military Justice. Consequently, the only basis upon which it can be argued that the court was instructed improperly is to say that the enumeration of the specific penalty for each offense was tantamount to an instruction to total all the punishments. However, no such instruction was given. Moreover, the initial statement of the maximum punishment allowed by law implies that the penalty for the specific offenses could not be added one to the other. We discern no risk of prejudice to the accused in the instructions in this case. United States v Lewis, 11 USCMA 503, 29 CMR 319.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.