UNITED STATES, Appellee

v

THOMAS L. GRANT, JR., Airman, U. S. Navy, Appellant

11 USCMA 728, 29 CMR 544

*Lieutenant Frederick A. Cone* was on the brief for Appellant, Accused.
*Lieutenant Martin Drobac* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Upon the basis of his pleas of guilty, a special court-martial convicted the accused of absence without leave and wrongful possession of an armed forces identification card, violations of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886, 934, respectively.

The following occurred during trial counsel's cross-examination of a petty officer who had testified favorably to the accused in extenuation and mitigation:

"Q. Hughes, when were you last at Captain's Mast?
"A. In May, I believe, sir.

"Q. What was the offense?
"A. Three hours and twenty minutes AWOL.

"Q. Were you not drunk in a public place? Were you not also charged with that?
"A. Under the circumstances of that, sir, I was slipped a mickey.

"Q. What was the sentence of the Commanding Officer?
"A. Ten days restriction.

"Q. When did you appear at Captain's Mast previous to that?
"A. April, I think.

"Q. What was the charge?
"A. Assault.

"Q. What was your sentence?
"A. Three days confinement."

Neither offense referred to by the witness involves moral turpitude, nor does it otherwise affect the witness' credibility. Since this cross-examination improperly impeached a principal defense witness, prejudice is manifest. United States v Gibson, 5 USCMA 699, 18 CMR 323.

We further note that the trial counsel's argument upon the sentence was prejudicially erroneous. United States v Crutcher, 11 USCMA 483, 29 CMR 299. The petition for review is granted and the decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy. A rehearing upon the sentence may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

My views on trial counsel's argument on sentence may be found in my dissenting opinion in United States v Crutcher, 11 USCMA 483, 29 CMR 299, and no good purpose would be served by repeating them here. That matter, however, can be remedied by reassessment of the punishment by the board of review; whereas, in the present case my associates, because of trial counsel's cross-examination of a defense witness in extenuation and mitigation, require a rehearing on sentence. It is this second issue I believe merits brief discussion.

I do not dispute that the questions asked would be improper for the purpose of impeachment. It should be borne in mind, however, that the witness' testimony was only as to the character of accused's service and related only to the sentence, during which proceedings the rules are considerably re-

laxed, and there was no objection to the questions, which is indicative of the lack of importance that was attached to the matter at trial. Moreover, trial counsel's purpose in his cross-examination may be gleaned from the following remark, which he made immediately after the colloquy quoted in the principal opinion:

"In view of this record, I request that the court disregard this character testimony, as he [the witness] lacks, considerably, on paper, of character."

Particularly under the less stringent rules applicable to presentence proceedings, it would seem proper to allow inquiry into factors by which the court-martial might test the witness' evaluation that accused was an excellent sailor, deserving of retention in the Navy. Certainly if the witness' own standards of conduct were low, his view of the character of accused's service might be entitled to less weight. Trial counsel was merely seeking to show that the opinion was being expressed by a witness who might be using a low standard for his base. I believe that to be permissible.

For the above stated reasons, I believe the decision of the board of review should be affirmed. I would deny accused's petition for grant of review.