UNITED STATES, Appellee

v

ELROY GORDON McCOY, Seaman Apprentice, U. S. Navy, Appellant

12 USCMA 68, 30 CMR 68

No. 14,331

Decided December 16, 1960

 

*Lieutenant Eric L. Keisman,* USNR, and *Lieutenant Leo F. O'Brien,* USN, were on the brief for Appellant, Accused.

*Lieutenant Colonel James E. Stauffer,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

At a rehearing by special court-martial, the accused pleaded guilty to a charge of willful disobedience of his superior petty officer in violation of Uniform Code of Military Justice, Article 91, 10 USC § 891. He was found guilty and sentenced to a bad-conduct discharge, forfeiture of $40.00 per month for three months, and confinement at hard labor for a like period. Intermediate appellate authorities affirmed, and we granted review on the issues whether accused's plea of guilty was provident and whether the trial counsel erred in advising the second court-martial with regard to the maximum penalty which might be adjudged.

I

At the rehearing, the trial counsel, following the findings of guilty, advised the court-martial with respect to the sentence, as follows:

"TC: The court is advised that this case has been a rehearing. The sentence adjudged at the original trial, as approved by the Convening Authority, is a Bad Conduct Dis-charge, confinement at hard labor for three months, forfeiture of $40.00 per month for three months and reduction to the grade of Seaman Recruit. This court is bound by that original sentence as the maximum that it can adjudge at this time."

The Government concedes that the proffer by the trial counsel of the foregoing information to the president of the court-martial was prejudicially erroneous. The concession is proper. United States v Eschmann, 11 USCMA 64, 28 CMR 288; United States v Crutcher, 11 USCMA 483, 29 CMR 299; United States v Ledlow, 11 USCMA 659, 29 CMR 475. We therefore pass to the other issue before us.

II

The specification and Charge of which the accused stands convicted alleges that he willfully disobeyed the order of his superior petty officer "to report to the Engineering Department bilges to perform two hours extra

**69**

duty." The accused voluntarily persisted in his plea of guilty to these allegations following an explanation by the president of their meaning and effect. However, after findings of guilty had been announced, he elected to make an unsworn statement in mitigation and extenuation. His declaration, in its entirety, relates these matters:

"ACCUSED: I was given fourteen hours extra duty at mast. I worked twenty hours for fourteen hours credit. When I was working my nineteenth and twentieth hours, five men in the Engineering Department harrassed [sic] me by turning high pressure air on me and throwing coffee and cigarettes on me. It was at this time I decided not to go back in the bilges. When I tried to talk to the Chief M.A.A. he simply would not listen to what I had to say. That is all I have to say at this time."

The foregoing statement makes it clear beyond cavil that the accused had imposed upon him, under the provisions of Code, supra, Article 15, 10 USC § 815, fourteen hours' extra duty and that the superior petty officer's order related to the performance of that penalty. It is, however, equally apparent that the accused had already completed the performance of his extra duty and that the command required him to continue such duty beyond the terms of his punishment. Thus, the nub of the issue before us is simply whether, assuming its truthfulness, accused's statement discloses that the admittedly disobeyed order was illegal in that it violated both the terms of the imposed nonjudicial punishment and Code, supra, Article 15. We are certain that it does.

Code, supra, Article 15, provides that a commanding officer may, without the intervention of a court-martial, punish officers and enlisted personnel for minor offenses by the prescription of certain disciplinary measures. Those permitted for enlisted men include:

"(C) extra duties for not more than two consecutive weeks, and not more than two hours per day, holidays included."

The nonjudicial punishment imposed upon the accused is exactly one-half the maximum amount of extra duties allowable under the statute. His statement in mitigation reveals that this punishment had been apparently completed and that the order which he disobeyed related only to the performance of extra duty beyond that required. If accused's statement is true, the petty officer's command was unlawful. United States v Bayhand, 6 USCMA 762, 21 CMR 84.

The Government nonetheless calls our attention to the notation by the staff legal officer in his post-trial review that it was the policy "on some of these . . . vessels" to allow an individual no credit toward the completion of extra duty for those periods spent in taking "a coffee, cigarette, or head call break, while on others, a specific task has been predetermined to require a certain period of time to complete, and the man receives that amount of credit irrespective of the amount of time he actually spends upon such an assignment." Assuming *arguendo* that we may consider the explanatory matter set forth by the staff legal officer in determining the providence of accused's plea, we need not decide whether the performance of extra duties under Code, supra, Article 15, may be so conditioned. Suffice it to say there is no showing here that such a policy was in effect on accused's vessel, and we are loath to find his plea provident merely upon the basis of the generalities to which the legal officer adverted.

In view of the foregoing, we must conclude that the accused's unrebutted statement, in the absence of further inquiry, demonstrated the improvidence of his plea and requires that it be set aside. See Manual for Courts-Martial, United States, 1951, paragraph 70b, page 109.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.

Judge LATIMER concurs in the result.

QUINN, Chief Judge (concurring in part and dissenting in part):

In my opinion, the question of the providence of a plea of guilty can be appropriately inquired into at a rehearing on the sentence. I would, therefore, direct a rehearing of the sentence, with leave to the accused to move to vacate his plea, if he is so inclined.