UNITED STATES, Appellee

v

THOMAS L. G. WITHERSPOON, Private,
U. S. Marine Corps, Appellant

12 USCMA 177, 30 CMR 177

No. 14,402

Decided February 10, 1961

*Lieutenant Colonel E. W. Johnson,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Frederick A. Cone,* USN.

*Lieutenant (jg) Harold J. Wallum, Jr.,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel J. E. Stauffer,* USMC.

### Opinion of the Court

HOMER FERGUSON, Judge:

At a rehearing before a special court-martial, the accused was found guilty of a number of offenses, in violation of the Uniform Code of Military Justice. Following the findings of guilty, the president adverted to the fact that the trial was a rehearing and informed the court-martial that it must also sentence the accused for another charge and specification, alleging breach of restriction, in violation of Code, supra, Article 134. Accused had pleaded guilty to this offense at his original trial, had been found guilty, and the findings had been approved by the convening and supervisory authorities. However, the ordering of the rehearing on the other offenses required disapproval of the initial sentence and necessitated the consideration of this crime in the sentencing process at the second trial.

The court sentenced accused to bad-conduct discharge, forfeiture of seventy dollars per month for five months, and confinement at hard labor for five months. Reducing the period of confinement to four months, intermediate appellate authorities otherwise affirmed. We granted accused's petition for review, filed without specification of error, and ourselves raised the issue whether the president's advice to the court-martial concerning the sentence improperly referred to the convening authority's action on the penalty adjudged at the first trial.

The questioned advice included the following remarks:

". . . The court is further advised that the maximum punishment that may be adjudged by this court for these offenses as stated in the action of the convening authorities [sic] review of the original trial is as follows: 'Only so much of the sentence as provides for a Bad Conduct Discharge, confinement at hard labor for a period of five months

and forfeiture of seventy dollars per month for a period of five months is approved and will be duly executed'. In other words that is the maximum the court can give today."

The president's advice was patently erroneous. United States v Jones, 10 USCMA 532, 28 CMR 98; United States v Skelton, 10 USCMA 622, 28 CMR 188; United States v Eschmann, 11 USCMA 64, 28 CMR 288. As we noted in those cases, the members of a court-martial are concerned only with the maximum imposable sentence and not with the basis for the limitation it places upon them. Otherwise, they may be led to abdicate their duty independently to determine an appropriate punishment. Thus, the president should not have informed the members that the possible penalty had been reduced because of the convening authority's action. United States v Jones, supra; United States v Eschmann, supra.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The error may be purged by reassessment of the sentence or direction of a rehearing thereon.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

My associates merely mention that accused was convicted of a number of offenses, but to establish my premise for affirmance of the board of review, it is necessary that they be specified. They involved behaving with disrespect toward a superior officer, willful disobedience of a lawful order of a superior officer, disobedience of a noncommissioned officer, disrespect toward a noncommissioned officer, and communicating two threats, in violation of Articles 89, 90, 91, and 134 of the Uniform Code of Military Justice, 10 USC §§ 889, 890, 891, and 934, respectively. In addition, he had pleaded guilty to breach of restriction, contrary to Article 134 of the Code, supra. That these infractions constituted serious misconduct is beyond question, as the maximum sentence for

those offenses as prescribed by the Table of Maximum Punishments is dishonorable discharge, total forfeitures, and confinement in excess of ten years. See United States v Carpenter, 11 USCMA 418, 29 CMR 234. However, because the convening authority referred the case for trial by a special court-martial, the jurisdictional ceiling on punishment of that tribunal— six months' confinement, partial forfeitures for that period, and a bad-conduct discharge—fixed the limits. As the case is before us, the accused stands sentenced to a bad-conduct discharge, forfeitures of $70.00 per month for four months, and confinement for the same period.

The complete instruction given by the president was this:

"The court is advised that the accused was found guilty of Violation of Article 134, in that Thomas L. G. WITHERSPOON, 2nd Battalion, 5th Marines, 3rd Marine Division (Rein), FMF, c/o FPO, San Francisco, California, having been duly restricted to the limits of H&S Company, 2nd Battalion, 5th Marines located at Camp Schwab, did on or about 0200, 18 December 1959, break said restriction. The accused pleaded guilty to this offense at the original trial, upon review of the original proceedings the finding of guilty to this charge was approved, but was not ordered reheard, but to which the accused still remains unsentenced. The court is further advised that the maximum punishment that may be adjudged by this court for these offenses as stated in the action of the convening authorities [sic] review of the original trial is as follows: 'Only so much of the sentence as provides for a Bad Conduct Discharge, confinement at hard labor for a period of five months and forfeiture of seventy dollars per month for a period of five months is approved and will be duly executed'. In other words that is the maximum the court can give today."

In light of the prior holdings of a majority of the Court, the president of the special court-martial erred by

announcing that the maximum punishment was limited by the action of the first convening authority at the time he acted on the record. However, he had to know that information because he was required to ascertain the maximum limits on the rehearing and the reason they were less than the jurisdictional limits of the court. Moreover, it must be borne in mind that the other members of the court had to be informed that this was a rehearing for, in their deliberations on sentence, they had to consider the one offense to which the accused had previously pleaded guilty. Accordingly, the only error is that the president failed to keep from the court members information legally and properly before him. Because he deliberates with the other members of the court in fixing the punishment, our prior decisions have coursed the law to a point where the military services are now faced with a sort of informed, half-informed special court.

It is not my purpose at this time to reargue our prior opinions for I am of the belief the issue we granted in this instance should be developed and that was limited to whether accused was prejudiced by the president's instruction quoted hereinbefore. My associates do not discuss that subject, but it is brought into bold relief by the disposition they order. Returning this record to a board of review for reassessment is an act of sheer futility. In addition to the offenses of which he was found guilty in the instant proceedings, the accused has two previous convictions which were considered by the court-martial, the convening authority, the officer exercising general court-martial jurisdiction, and the board of review.

They both are military offenses, and they involve an absence without authority and willful disobedience. In addition, the record before the reviewing authorities shows two other instances when he was punished for absenteeism and disobedience. In summation, his military record shows that for a long period, and continually for the five months preceding the offenses involved in this trial, he was in trouble and refused to meet the norms of the military society.

The board of review has already found the sentence appropriate in the light of the entire record, and I can well understand why there was no diminution of the approved sentence. I assume the board members were familiar with information shown on the record, and we do not touch the findings which will support a lengthy sentence. The error in no way affects the board's yardstick for measuring the appropriateness of sentence, and their conclusion is supposed to be bottomed on their independent judgment. Accordingly, I fail to understand how the president's statement to the court that the maximum limit of punishment was "as stated in the action of the convening authorities [sic] review of the original trial" could improperly influence the board for, aside from their independence from his authority, the members would know his standard of appropriateness legally from their perusal of the record. Simply stated, we are merely directing them to perform again with the same cast of offenses, facts, and circumstances. Consequently, I fail to find any necessity for prolonging the inevitable by requiring them again to act.

I would, therefore, affirm both findings and sentence.