UNITED STATES, Appellee

v

JAMES M. McDOWELL, Fireman Apprentice,
U. S. Navy, Appellant

13 USCMA 129, 32 CMR 129

No. 15,731

June 1, 1962

Colonel *Olin W. Jones*, USMC, was on the brief for Appellant, Accused.
*Lieutenant Harold J. Wallum*, USNR, was on the brief for Appellee,
United States.

### Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused, pursuant to his pleas, was found guilty of two specifications of absence

without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and a charge of breach of restriction, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, confinement at hard labor for six months, and reduction to the grade of fireman recruit. Intermediate appellate authorities affirmed, reducing that portion of the sentence relating to confinement to three months. We granted accused's petition for review on the issues:

"1. Whether the instructions were correct as to the permissible penalty for Specification 2 of Charge I.

"2. Assuming the answer to Issue 1 is in the negative, was the accused prejudiced by such instruction and the efforts of trial counsel to introduce evidence of an Article 15 punishment and an alleged letter from the Division Officer of the accused."

Specification 2 of Charge I alleges an absence without leave of less than three days. The correct maximum punishment for this offense is confinement at hard labor for one month and forfeiture of two-thirds pay for one month. Manual for Courts-Martial, United States, 1951, paragraph 127c. Nevertheless, the president delineated the penalty as confinement at hard labor for six months and forfeiture of two-thirds pay for a like period. The Government concedes that the instruction was erroneous.

During the presentencing proceedings, trial counsel sought to introduce a letter from accused's division officer "as a matter of aggravation." He stated it would "give the court some idea as to the character and value that McDowell has to the Navy." The president read the letter and refused to admit it. The exhibit is not included in the record before us. The trial counsel also unsuccessfully sought to introduce in evidence a record of imposition of nonjudicial punishment under Code, supra, Article 15, 10 USC § 815, on two occasions.

The Government argues, however, that no error resulted from the tender of the letter and records in evidence, as it was necessary for the president to be aware of their nature in order to rule upon their admissibility. Cf. United States v Bridges, 12 USCMA 96, 30 CMR 96. This position, however, overlooks the trial counsel's description of the items before the entire court. Moreover, under the circumstances present in this record, we can think of no legal basis on which counsel could purport to believe that such items were admissible. Indeed, the dual function of the president as judge and juror is the very reason why counsel in special courts-martial should use caution to see that inadmissible matters are not brought to his attention.

As we view the proceedings, it appears that trial counsel—a nonlawyer probably unaware of the legal significance of his actions—intentionally directed the court-martial's attention to information calculated to cause it to adjudge a sentence imposing a punitive discharge. And it should be noted that a bad-conduct discharge was authorized only as a permissible additional punishment. Thus, the matters described by trial counsel as items "in aggravation" might reasonably be said to have influenced the court to include that penalty in the sentence. Although the exhibits were not received, it is clear that the members became aware of the essence of their contents and that such knowledge would cause them to have a low opinion of the accused's continued value to the naval service. The doubt engendered by such conduct must be resolved in favor of the accused. United States v Allen, 11 USCMA 539, 29 CMR 355; United States v Britt, 10 USCMA 557, 28 CMR 123.

Next, the Government argues that reassessment of the sentence by intermediate appellate authorities based upon the trial counsel's reference to the nonjudicial punishments and the enumeration of separate possible punishments by the president for each offense charged effectively purged the record of prejudice. Cf. United States v Barnes, 11 USCMA 671, 29 CMR 487.

This contention, however, fails to take into account the fact that the other errors now before us were not recognized in the reassessment. Moreover, as pointed out before, the inadmissible matters which trial counsel paraded before the court members went directly to the adjudication of a punitive discharge, a portion of the sentence which is yet outstanding. Under such circumstances, and in light of the concededly erroneous instruction on the maximum penalty for the offense set forth in specification 2 of Charge I, the reassessment did not serve to eliminate the prejudice to accused. Code, supra, Article 59, 10 USC § 859; United States v Goodman, 12 USCMA 25, 30 CMR 25; United States v Lackey, 8 USCMA 718, 25 CMR 222.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board may reassess and approve a sentence which does not include a punitive discharge, or it may order a rehearing on the sentence.

Chief Judge QUINN and Judge KILDAY concur.