UNITED STATES, Appellee

v

JOSEPH A. NORWOOD, Airman Recruit,
U. S. Navy, Appellant

17 USCMA 289, 38 CMR 87

No. 20,445
November 17, 1967

*Captain W. H. Hogan, Jr.,* USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel C. R. Larouche,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

In this case, a bad-conduct discharge became a permissible additional punishment only because of the fact that the offenses of which accused was convicted permitted confinement for six months or more. See Manual for Courts-Martial, United States, 1951, paragraph 127c, section B. The failure of the president so to instruct the court-martial was prejudicial error. United States v Yocom, 17 USCMA 270, 38 CMR 68, this day decided.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence or order a rehearing thereon.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

In the circumstances of this case, the accused was not, in my opinion, prejudiced by the president's failure to point out the bases for including a bad-conduct discharge in the permissible punishment.

This was a second trial of the case. At the previous trial, the sentence included confinement at hard labor for only four months. This sentence, which was less than the maximum for the offenses, became the maximum that could be adjudged at the rehearing. Article 63(b), Uniform Code of Military Justice, 10 USC § 863; United States v Kelley, 5 USCMA 259, 17 CMR 259; United States v Eschmann, 11 USCMA 64, 28 CMR 288. As a result of that circumstance, it was unwise, and perhaps even illegal, to instruct the court members that a bad-conduct discharge was authorized because the aggregate confinement for the several offenses totalled six months.

A special court-martial should not be instructed that the offenses for which the accused has been convicted authorize confinement in excess of the maximum period the court-martial can legally adjudge. United States v Barnes, 11 USCMA 671, 29 CMR 487. Since the court-martial could not legally impose confinement in excess of four months, it would appear unjustifiable to instruct that the aggregate confinement for the offenses was six months, and this fact authorized the bad-conduct discharge.[1] Any such instruction was certain to confuse the court members, unless they were also informed that this was a rehearing. I have no doubt whatever that the accused did not want the court members to know a previous court-martial had considered and rejected his plea for clemency.

The record of the accused's previous convictions also provided a basis for imposition of the bad-conduct discharge. Here, again, it is obvious the accused wanted to turn the court's attention away from the particulars. If the court members had examined these, they probably would not have disregarded them since they included five specifications of larceny, as well as purely military offenses. Defense counsel was given the opportunity to comment on the instructions. He said he had "[n]othing further." My reading of the record convinces me he made this reply, not because he did not know the accused had a right to additional instructions as to the matters the court-martial could consider, but because it better served the interests of the accused to have the maximum sentence

---

[1] Nor would it appear to be proper to modify the Manual provision to instruct that a combined confinement for four months authorizes a bad-conduct discharge. See Manual for Courts-Martial, United States, 1951, paragraph 127c, section B.

presented in gross, rather than on the basis of its constituent elements. I would, therefore, affirm the decision of the board of review.