UNITED STATES, Appellee

v

RUSSELL L. BEARD, Airman Basic,
U. S. Air Force, Appellant

18 USCMA 379, 40 CMR 91

No. 20,978

June 13, 1969

*Lieutenant Colonel Leonard Eichner* argued the cause for Appellant, Accused. With him on the brief were *Colonel Bertram Jacobson* and *Colonel Joseph E. Krysakowski.*

*Major Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

Opinion of the Court

FERGUSON, Judge:

This case is before us for the second time. Initially, in a per curiam opinion, we reversed because of an error in the sentence instructions. United States v Beard, 17 USCMA 528, 38 CMR 326. Since the error directly affected the imposition of the bad-conduct discharge, we directed that the board of review could either disapprove that

379

portion of the sentence, or a rehearing on sentence could be ordered.

On rehearing, a special court-martial sentenced the accused to a bad-conduct discharge only. The convening authority approved the sentence but suspended the same until July 1, 1969, with provision for automatic remission. Intermediate appellate authorities have affirmed. We granted review on the following two assigned issues:

A. The president of the court erred in advising the court of the maximum punishment accused could receive if the case was an original trial.

B. The president of the court erred in instructing prior to sentence that a bad-conduct discharge was included in the maximum authorized punishment.

At the original trial, neither of the two offenses of which the accused was convicted authorized the imposition of a bad-conduct discharge. Such was imposable only because the total authorized confinement for the offenses was six months or more. The original court-martial sentenced the accused to a bad-conduct discharge, forfeiture of $64.00 per month for three months, and confinement at hard labor for a like period. The board of review held that the president erred when he failed to inform the court of the basis for the inclusion of a bad-conduct discharge in the maximum imposable sentence. The board affirmed the findings and modified the sentence by disapproving the forfeitures and affirming only the bad-conduct discharge and the confinement at hard labor. As noted above, we reversed.

At the rehearing on sentence, the president, at the outset, informed the court of the limited nature of the hearing—that it was to be a rehearing on sentence only. In giving his instructions to the court the president read from a document (Appellate Exhibit 2) handed to him by trial counsel. Included therein is the following:

"Although none of the offenses of which the accused has been found guilty will authorize bad conduct discharge, the fact that *the authorized confinement without substitution for such offenses was six months at the original trial* held on 19 October 1967 will, in addition, authorize a bad conduct discharge. The maximum punishment which may be adjudged in this rehearing on sentence only is: bad conduct discharge and confinement at hard labor for three months." [Italics supplied.]

The italized portion of the above quotation is the subject matter of the first assignment of error.

It would be anomalous, indeed, were we to now hold that the president erred in informing the court that the bad-conduct discharge was imposable as an additional punishment, when his failure to do so at the original trial was the basis for our previous reversal. Were he to have done otherwise, the second court would have been as uninformed on the matter as was the original court. Cf. *United States v Yocom*, 17 USCMA 270, 38 CMR 68. As we said in *United States v Smith*, 13 USCMA 471, 474, 33 CMR 3, "justice tends to flourish in an enlightened atmosphere. The requirements of the law foster it, and the intent of this Court has always been to encourage that situation."

The question seems settled by our opinion in *United States v Norwood*, 17 USCMA 289, 38 CMR 87. At his original trial, Norwood was given a sentence which included a bad-conduct discharge and four months confinement at hard labor. The supervisory authority ordered a rehearing on the merits because of an irregularity in the accused's plea. On retrial he was again sentenced to a bad-conduct discharge. A majority of this Court, citing *United States v Yocom*, supra, reversed because the president failed to instruct the second court that the "bad-conduct discharge became a permissible additional punishment only because of the fact that the offenses of which accused was convicted permitted confinement for six months or more." *Ibid.*, at page 290.

Appellate defense counsel, in contending that the president erred, called our attention to this Court's holdings in United States v Jones, 10 USCMA 532, 28 CMR 98; United States v Eschmann, 11 USCMA 64, 28 CMR 288; and United States v Witherspoon, 12 USCMA 177, 30 CMR 177. But these cases are distinguishable.

In *Jones,* we held that the law officer erred in informing the court that it could not adjudge a sentence in excess of that handed down by the original court. In fact, in that case, the convening authority had reduced the sentence and we held that this, then, became the maximum imposable punishment which could be awarded at a rehearing.

In *Eschmann,* we found error when the law officer told the court that although the original maximum sentence was dishonorable discharge, total forfeitures, and confinement at hard labor for twenty-five years, the court was limited to the sentence imposed by the original court—dishonorable discharge, total forfeitures, and confinement at hard labor for five years. As we said in *Eschmann,* at page 67, quoting from United States v Jones, supra:

"'. . . The members of the court are concerned only with the maximum imposable sentence and not the basis for the *limitation* it places upon them.'" [Emphasis supplied.]

In *Witherspoon,* the president specifically informed the court members the maximum punishment that might be adjudged was that approved by the convening authority in his action following the original trial. In reversing, we cited *Jones* and *Eschmann* and again iterated our holding in *Jones* that the court should be concerned only with the maximum imposable sentence and not with the basis for any *limitation* thereon.

In the case at bar, the bad-conduct discharge was imposable as an *additional* punishment and the accused was entitled to have the court members made aware of that fact. United States v Norwood, supra. Failure to accord him this benefit, whether on an original trial or on a rehearing, would be reversible error. United States v Norwood and United States v Yocom, both supra. Assuming *arguendo* that the president erred in including the specific *amount* of punishment which could have been assessed at the original trial, in his attempt to properly tailor his instructions, we do not believe that he thereby prejudiced this accused. It seems to us that the benefit accruing to the accused, by having the court informed that the offenses themselves do not authorize a bad-conduct discharge, far outweighs any possible detriment which might occur from their learning of the original potential six-months confinement.

We likewise reject appellate defense counsel's assertion that the president erred in instructing that a bad-conduct discharge was included in the authorized maximum punishment. Counsel contended that the President, by promulgation of the Manual for Courts-Martial, United States, 1951, under the authority of Article 56 of the Code, supra, 10 USC § 856, expressly limited the imposition of a bad-conduct discharge to certain specified offenses and to those other instances where an accused is found guilty of two or more offenses in which the authorized confinement is *six months or more.* Manual, supra, paragraph 127c, section B.

At a rehearing, the maximum sentence that a court-martial may impose is the maximum quantum of punishment adjudged at the original trial and approved or modified by appellate authorities. United States v Russo, 11 USCMA 352, 29 CMR 168; United States v Dean, 7 USCMA 721, 23 CMR 185; United States v Jones, supra. Our mandate on the original hearing in this case did not set aside the bad-conduct discharge but gave to the board of review the choice of approving a sentence which did not include the same or ordering a rehearing on the sentence. Since a rehearing was ordered, the previous sentence as modified remains the potential maximum

**381**

sentence. That was implicit in our opinions in United States v Witherspoon and United States v Norwood, both supra, where, in both cases, the sentence to confinement on rehearing was less than six months.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.