UNITED STATES, Appellee

v

EUGENE J. CARROLL, Private First Class,
U. S. Army, Appellant

20 USCMA 312, 43 CMR 152

No. 23,339

January 29, 1971

*Captain Libero Marinelli, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Colonel George J. McCartin, Jr.,* and *Captain Bernard J. Casey.*

Captain *John C. Lenahan* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain Benjamin G. Porter,* and *Captain Ronald L. Stefani.*

## Opinion of the Court

QUINN, Chief Judge:

The accused contends that he was prejudiced in regard to the sentence by certain actions of the military judge.

Initially charged with assault with intent to commit murder, the accused agreed with the convening authority before trial to enter a plea of guilty to the lesser offense of assault with intentional infliction of grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The agreement contained no provision as to sentence.[1] At the accused's request, he was tried by a military judge, sitting without court members, and he pleaded guilty as agreed.

As customary, the sentence proceedings began with presentation of the personal data as to the accused extracted from the charge sheet. Several witnesses described the accused as "an outstanding guy," who got along well with others and who performed well in the execution of his duties. In addition, the accused testified that he was "really sorry" about the assault and if he had "that night to do over" he would have "avoided the whole issue." He expressed the desire to "complete" his enlistment.

After argument by counsel, with trial counsel contending that the maximum punishment "be seriously considered" because of the circumstances

of the assault set out in a stipulation of facts admitted into evidence, and the seriousness of the injuries inflicted upon the victim, the military judge indicated there was "considerable" evidence he wanted to "review." He closed the court. On reopening, the judge announced the sentence. It included a dishonorable discharge and confinement at hard labor for four years.

While the record was pending review by the convening authority, defense counsel filed a statement of "irregularities" in the sentence which he asked the convening authority "to rectify." It was alleged that during his deliberation on the sentence the judge had "read the pretrial advice and the Article 32" record; that there was a conflict between the accused and the victim as to the initiation of the assault; and that after the trial, the judge had stated he "started to give the accused 5 years instead of 4 when he saw the statement [of the victim] in the pretrial advice."[2] Defense counsel contended that, once aware of the "contradictory version of the facts," the judge could not be expected to "give credence to testimony in extenuation and mitigation." He argued that the judge's recourse to the pretrial records constituted a denial of the accused's right to be sentenced "upon matters presented in open court," and he requested the convening authority to reduce the sen-

---

[1] The maximum penalty for assault with intent to murder includes confinement at hard labor for twenty years; that for assault with intentional infliction of grievous bodily harm includes confinement at hard labor for five years. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c, Table of Maximum Punishments.

[2] The stipulation of facts recites that Jackson, the victim of the assault, "awoke finding the accused in the room. While Jackson was getting up from the couch on which he had been asleep, the accused stabbed him in the neck and stomach." The victim's testimony is to the effect that he was asleep on a couch; when awakened he found the accused "on top of . . . [him] with a knife in . . . [his] belly."

tence substantially to purge the prejudicial effect of the judge's action.[3]

Constitutional doctrines affecting the sentence aspect of a criminal trial have been substantially redefined in the past decade. See North Carolina v Pearce, 395 US 711, 23 L Ed 2d 656, 89 S Ct 2072 (1969); Ashe v Swenson, 397 US 436, 25 L Ed 2d 469, 90 S Ct 1189 (1970). One of the impressions that has apparently remained unchanged is that due process is not denied an accused when the judge considers, in connection with his determination of the sentence, matter not presented in open court and not known to the accused. See Rule 32, Federal Rules of Criminal Procedure, Notes of the Advisory Committee on Rules; Cook v Willingham, 400 F2d 885 (CA10th Cir) (1968); United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970). Whether this concept is logically consistent with other evolving doctrine need not detain us. Whatever the right of a judge in the civilian community, military law requires that adverse matter considered in the determination of a sentence at trial must be presented in open court, with the accused having the right to object to its consideration or to rebut it.

As provided in the Manual for Courts-Martial, the "prosecution and defense may present appropriate matter to aid the court in determining the kind and amount of punishment to be imposed." Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition), paragraph 75. The nature of this matter and the manner of its presentation are also prescribed. See United States v Manos, 17 USCMA 10, 37 CMR 274 (1967). The Manual requires that the ordinary rules of evidence also be applied to the admission of evidence in regard to the sentence, although it allows relaxation of the rules by the judge with "respect to matter in extenuation and mitigation *offered by the defense.*" [Emphasis supplied.] *Id.*, paragraph 75c. We have recognized this limitation on the matters that may be considered in deliberation on the sentence in a variety of circumstances. For example, in United States v McClure, 11 USCMA 552, 29 CMR 368 (1960), we held that a witness was incompetent to testify for the Government to rebut defense evidence as to the accused's good performance of duty because he had no proper source of knowledge as to the accused's traits of character. In United States v McDowell, 13 USCMA 129, 32 CMR 129 (1962), we held it was error for trial counsel to inform the court members of the contents of a letter from the accused's division officer. See also United States v Mamaluy, 10 USCMA 102, 27 CMR 176 (1959); United States v Woodley, 12 USCMA 123, 30 CMR 123 (1961); United States v Tackett, 19 USCMA 85, 41 CMR 85 (1969). It was, therefore, error for the judge to read the Article 32 record and the pretrial advice of the staff judge advocate, without the knowledge and consent of the accused.

Consideration of improper matter does not necessarily constitute reversible error; the question is whether there is a fair risk that as a result of such consideration the accused is burdened with a sentence more severe than that which might have otherwise been imposed. United States v Flowers, 19 USCMA 473, 42 CMR 75 (1970); United States v Woodley, supra. Two circumstances convince us

---

[3] It is unfortunate that defense counsel did not move to reopen the trial immediately upon hearing the judge's remarks. Full inquiry, on the record, into the circumstances of the alleged irregularity would have contributed more to an informed judgment as to the probable influences of the allegedly improper materials on the sentence determination than the somewhat cryptic statement submitted to the convening authority. See United States v Montgomery, 20 USCMA 35, 39, 42 CMR 227 (1970). We accept the record as is, however, and since the matters set out in the defense statement are undisputed, we accept them as established facts.

of the absence of prejudice in this case.

First, the accused's own account of the judge's conduct demonstrates that the judge had decided upon a four-year period of confinement before he even read the victim's version of the assault and that he adhered to this determination after he read the pretrial records. Thus, the defense counsel's statement recites that the judge "started to give the accused 5 years instead of 4 when he saw the statement." It is apparent, therefore, that the judge made his final determination of the sentence uninfluenced by what he had read; and, more specifically, that he did not increase the punishment as a result of what he read. The second circumstance militating against setting aside the sentence is that the matter was considered by the convening authority. As noted earlier, the judge's action was discussed in the post-trial review. The staff judge advocate recommended, and on the basis thereof the convening authority must be deemed to have determined (United States v Grice, 8 USCMA 166, 23 CMR 390 (1957)), that even if the trial judge had considered "matters not presented in court," the sentence he adjudged was "proper, warranted, and just" in light of the seriousness of the offense. Fair reassessment of a sentence in the light of an alleged error is sufficient to purge the adverse effect of the error.

The decision of the United States Army Court of Military Review is affirmed.

Judges FERGUSON and DARDEN concur.