**UNITED STATES, Appellee,**

v.

**Specialist Four Jonathan HARDY, SSN 265–49–7171, United States Army, Appellant.**

**CM 443333.**

U. S. Army Court of Military Review.

9 Jan. 1984.

Captain Robert W. Wiechering, JAGC, argued the cause for appellant. With him on the brief were Colonel R. Rex Brookshire II, JAGC, Major Robert C. Rhodes, JAGC, Captain James A. McAtamney, JAGC, and Captain Eugene R. Milhizer, JAGC.

Captain Arthur L. Passar, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Lieutenant Colonel Thomas M. Curtis, JAGC.

Before CLAUSE, COKER, and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a general court-martial of one specification of robbery in which he used a knife to threaten the victim. His sentence of a dishonorable discharge, confinement at hard labor for 54 months, total forfeitures, and reduction to Private E–1 was approved by the convening authority.

The trial judge had sat as judge alone on the case of appellant's co-accused. That case was contested, the co-accused found guilty and sentenced to a dishonorable discharge, confinement at hard labor for six years, total forfeitures, and reduction to Private E–1. A full and detailed disclosure was made by the trial judge at appellant's trial; however, the appellant declined to voir dire the judge or to challenge him.

After announcing the sentence, the trial judge explained his basis for the term of confinement. He alluded to "evidence" presented and the sentence adjudged in the companion case. He then cited the appellant's guilty plea, demonstrated remorse, and rehabilitative potential as reasons for adjudging a more lenient sentence for the appellant than he had in the companion case. In the response to the post-trial review, civilian defense counsel complained that a comparison of sentences in the companion cases had not been given to the convening authority. In an addendum to the review, the staff judge advocate presented a detailed comparison for the

convening authority's consideration. This Court requested appellate briefs on the issue of whether the consideration by the trial judge of the sentence and "evidence" from a companion case was error. We hold that under the facts of this case, there was no error.

While the trial judge alluded to evidence in the companion case, he also expressed uncertainty as to whether the evidence was in the stipulation of fact presented by the appellant. All of the circumstances mentioned by the trial judge were in fact contained in the stipulation. Thus, unlike *United States v. Clifton,* 15 M.J. 26, 29 (C.M.A.1983), there was no consideration of evidence not presented at trial.

From a reading of the entire record, it is clear that the trial judge based his sentence on an individual consideration of the nature and seriousness of the offense and the character of the appellant, *see United States v. Mamaluy,* 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959), and adjudged a highly individualized sentence. It is apparent, however, that the trial judge was concerned that this Court might view the sentence to be "highly disparate" from the harsher sentence in the companion case. His impropriety was in providing for the benefit of the appellate courts, his rationale as to why the sentences were not disparate. We agree that the appellant's trial was not the proper forum for an explanation of the appropriateness of the sentence in the companion case. There was, however, no prejudice resulting from this explanation. The trial was before a judge alone, the explanation was favorable to the appellant and it met a perceived need of the appellant as expressed in his response to the post-trial review. Lastly, considering all the circumstances of the case, the sentence adjudged and approved was appropriate. *See United States v. Carroll,* 20 U.S.C.M.A. 312, 43 C.M.R. 152 (1971).

The findings of guilty and the sentence are affirmed.

CLAUSE, Senior Judge concurs.*

* Senior Judge CLAUSE took final action on this case prior to his retirement from active service.

HANFT, Judge (concurring in the result): **

I believe that the trial judge did consider the sentence adjudged in the companion case of *United States v. Long* (CM 442055) when he determined the sentence to be adjudged in this case. While such consideration would be improper in a jury-sentencing case, *see United States v. Mamaluy,* 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959), it is quite correct here where the sentencing judge presided over the companion case, hearing the evidence and observing the demeanor of the witnesses. Certainly, this procedure did not deprive the defendant of individual treatment on punishment, for consideration of the sentence adjudged in a companion case is but one of many factors to be weighed during the decision-making process. Furthermore, the explanation given by the trial judge for the term of confinement awarded in this case—eighteen months less than he imposed in the companion case—clearly reflects an individualized sentence.

** Judge HANFT took final action on this case prior to his retirement from active service.