UNITED STATES, Appellee

v

ALVIN DAVIS, Ship's Serviceman, Third Class,
U. S. Navy, Appellant

8 USCMA 425, 24 CMR 235

No. 10,088

Decided November 15, 1957

*Commander Charles Timblin* was on the brief for Appellant, Accused.
*Commander Guilbert W. Martin* was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

In this special court-martial case—tried by nonlawyers—the accused was convicted of larceny and sentenced to be reduced to the rate of seaman recruit, and to be discharged from the service with a bad-conduct discharge. We granted review to determine whether the trial counsel's references to SECNAV instruction 5815.2A and paragraph 33h, Manual for Courts-Martial, United States, 1951, were prejudicial.

. . This case may be distinguished from the cases of United States v Fowle, 7 USCMA 349, 22 CMR 139; United States v Estrada, 7 USCMA 635, 23 CMR 99; and United States v Holmes, 7 USCMA 642, 23 CMR 106, for here it was the defense counsel—rather than trial counsel—who first referred to the SECNAV instruction which deals with the elimination from the service of persons convicted of larceny. In presenting argument on sentence on behalf of the accused, defense counsel, at the very outset, informed the court that he was "aware of the Navy policy as expressed by the Secretary of the Navy regarding bad conduct discharges being adjudged in the court room for a con-

**425**

victed thief." He argued, however, that because of the accused's excellent record, the best interests of the Naval service would not be served by imposing either a bad-conduct discharge or a sentence to confinement.

Immediately following defense counsel's argument, the trial counsel requested the court to take judical notice of the pertinent SECNAV instruction. He then read therefrom as follows:

" 'As early as 1894 it was stated as a matter of policy that a convicted thief shall not be retained in the Naval service.' The Manual for Courts-Martial paragraph 33h provides in part, 'The retention in the armed forces of thieves and persons guilty of moral turpitude injuriously reflects upon the good name of the military service and its selfrespecting personnel.' I ask the court to take judicial notice of the Manual for Courts-Martial."

The court took judicial notice of both the instruction and the Manual.

The board of review, in considering this issue, held that "the defense counsel by reference to the policy . . . prior to any reference thereto by trial counsel opened the door to a discussion thereof," and, accordingly, the accused cannot now be heard to complain. The board, however, did not consider the prejudicial effect of the trial counsel's reference to paragraph 33h of the Manual, supra. Recently, in the case of United States v Silva, 8 USCMA 105, 23 CMR 329, the Court had before it a special court-martial case in which the record of trial failed to disclose with any degree of certainty whether it was the trial counsel or defense counsel who had referred to the SECNAV instruction. The majority of the Court ordered that the case be returned for further action "to complete the record so that it will show the true facts and provide the information necessary for the proper consideration of this case in the normal course of appellate review." They did, however, intimate that if in fact it had been the defense counsel that had referred to the instruction, the accused could not complain on appeal because the error had been induced by his own counsel. The Court recognized that under certain circumstances the defense counsel's reference to the instruction "may have been forced by other factors not fully reflected in the record." The record here discloses no positive "factors" which might have led defense counsel to mention the instruction. It may have been that his only purpose in first referring to it was to anticipate trial counsel's reference to it thereby mitigating its persuasiveness. This, though, is merely conjectural on our part. However, aside from the fact that defense counsel mentioned it first, we fail to see where this presented a license to trial counsel to request that the court take judicial notice of it as well as to quote an excerpt from it. We need not, however, decide this case on the basis of the reference to the SECNAV instruction alone.

In United States v Rinehart, 8 USCMA 402, 24 CMR 212, we held that it constituted prejudicial error for the trial counsel to direct the court's attention to paragraph 33h, Manual for Courts-Martial, supra, during the presentencing proceedings.[1] Here, trial

---

[1] Paragraph 33h provides as follows: "If he [the accused's commanding officer] determines that some punishment should be adjudged against the accused, but that punishment under Article 15 is not appropriate or has in a proper case been refused by the accused, he must decide to which kind of court-martial the case should be referred. Subject to jurisdictional limitations, charges against an accused, if tried at all, should be tried at a single trial by the lowest court that has the power to adjudge an appropriate and adequate punishment. See 33l. The fact that, upon conviction of a particular offense, the Table of Maximum Punishments (127c) may authorize a punishment in excess of that which can be adjudged by a summary or special court-martial does not in itself preclude reference of such an offense to a summary or special court-martial for trial. In this connection, see 15a and 16a as to the authority to cause a capital case to be tried by an inferior court-martial. He should take into consideration the character and prior service of the ac-

counsel read to the court the Manual provision that, "the retention in the armed forces of thieves and persons guilty of moral turpitude injuriously reflects upon the good name of the military service and its self-respecting personnel." In Rinehart, supra, we compared the policy directive announced by the Secretary of the Navy to the policy directive contained in paragraph 33*h*, Manual for Courts-Martial, supra, promulgated pursuant to an executive order of the President. We concluded that "Only the source of the reference is different, the prejudice is the same." Furthermore, we noted that if anything, the reference to the Manual "would have more persuasive effect upon a court-martial because of the President's role as Commander-in-Chief of the armed forces."

We therefore hold that aside from any question of prejudice arising from the reference to the SECNAV instruction by opposing counsel, the accused was nevertheless prejudiced by trial counsel's reference to paragraph 33*h*, Manual for Courts-Martial, supra. United States v Rinehart, supra. The decision of the board of review is reversed. The record is returned to The Juge Advocate General of the Navy for return to the convening authority for rehearing on the sentence.

Chief Judge QUINN concurs.

Judge LATIMER dissents.

cused, as well as the established policies of superior authority, in deciding upon his action or recommendation. For example, he should not hesitate in a proper case involving offenses of a purely military nature, to dismiss the charges (32*d*) or refer them to an inferior court-martial for trial. *When any offense charged is not of a purely military nature, he should take into account the fact that the retention in the armed forces of thieves and persons guilty of moral turpitude injuriously reflects upon the good name of the military service and its self-respecting personnel.* If he determines that the offense is so serious that the accused, if convicted, should be separated from the service by a punitive discharge, he must decide to which court the case should be referred in order that the appropriate kind of discharge—dishonorable or bad conduct—may be adjudged. In this connection, see 76*a*(6) and (7). Ordinarily, a specification as to which the statute of limitations (Art 43) apparently may be successfully pleaded should not be referred to trial. See 68*c*." [Emphasis supplied.]