UNITED STATES, Appellee

v

HUBERT E. LACKEY, Private E-1, U. S. Army, Appellant

8 USCMA 718, 25 CMR 222

No. 10,547

Decided February 14, 1958

*First Lieutenant William L. Garwood* argued the cause for Appellant, Accused. With him on the brief was *Colonel Edward M. O'Connell.*

*First Lieutenant Jon R. Waltz* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel John G. Lee.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried upon a charge of absence without leave. Having found him guilty, the court-martial sentenced him to a bad-conduct discharge, total forfeitures and one year's confinement. The period of incarceration was reduced to six months by the convening authority and the board of review affirmed the findings and sentence as modified. We granted the accused's petition for review.

The fulcrum about which our decision pivots is trial counsel's argument to the court members during the sentencing phase of the trial, wherein he stated:

". . . But I contend that it's your solemn duty and responsibility and undoubtedly the people who brought these charges and referred him to trial thought it was your responsibility to see that Private Lackey was put out of the service and put out of the service with a punitive discharge with a confinement which would be commensurate with the two. offenses of AWOL which he has committed.

"Now I think that you will find in

your deliberations that is your responsibility and I trust that by your sentence you will not put another burden on the Government of keeping him up for the rest of his life."

Appellate defense counsel contend that trial counsel thus made it perfectly clear to the court members that the convening authority desired the the accused to be separated from the Service. We cannot categorically affirm the truth of this assertion, yet neither can we deny it, as those rational processes which influence court members are not susceptible of precise appraisement. But in this instance, the damaging and coercive nature of the comment and the reactions of the participants and the court-martial members give credence to the accused's contention.

Most significant is the reply which defense counsel made to trial counsel's argument. As he delivered it immediately following the opening argument, it might be said that his interpretation that trial counsel was referring to the convening authority truly reflected the thinking of the court members. This is his answer:

". . . the prosecution injected into this case the fact that the convening authority thought that a punitive discharge was appropriate and that's why it is here before a general court. What the convening authority thinks of this case has nothing to do with the duty of this court to determine the issues that have been raised. Absolutely nothing. And I sincerely hope that no one in this courtroom feels in any way bound by the fact that this case was referred to a court martial for determining what is an appropriate sentence in this case."

Neither trial counsel nor the law officer disputed defense counsel's conclusion and their silence may be taken as an indication of their acquiescence in the defense's interpretation that trial counsel had expressed the desires of the convening authority. The failure of the law officer to take action sua sponte is crucial. If he had felt that there was no validity in the claim of command control, he should have taken steps to correct the impression. On the other hand if he sensed that the comment would lead the court members to conclude that the commanding general had authorized trial counsel to advise them of his wishes, the law officer's duty required that he either call for a retraction and instruct the members to disregard such incantations, or declare a mistrial. Parenthetically, we might note that the record does not suggest that command influence was exerted at any time during the trial. However, the insinuation might lead the court members to conclude otherwise and the law officer was obligated to do something drastic to clear up what was, at the very least, an unfair tactic. The language, standing as it did, allowed trial counsel to bring to the attention of the court the views of the convening authority with respect to the appropriate sentence which the accused should receive. This is contrary to proper administration of law and paragraph 44(g), Manual for Courts-Martial, United States, 1951. Prejudice inheres in the error here since it is possible that the accused would have not received a punitive discharge if trial counsel's reference to the convening authority had not occurred. United States v Hawthorne, 7 USCMA 293, 22 CMR 83; United States v Isbell, 3 USCMA 782, 14 CMR 200; United States v Littrice, 3 USCMA 487, 13 CMR 43. In this respect it is interesting to note—and that is all we do—that six of the nine court members signed a petition of clemency shortly after the trial, recommending remission of the punitive discharge and reduction of the period of confinement.

Although we could terminate our consideration of this case at this point, it is only fair to the Government to take cognizance of its two remaining contentions that the error was waived and, if not, that it was cured through intermediate appellate action. As to the first argument, this Court has been reluctant to impose a waiver when command control is interjected into a trial. In regard to the second, it is true

720

that both the staff judge advocate's review and the briefs before the board of review considered the allegations which the accused raised at this level. It is also a fact that the convening authority reduced the accused's period of confinement by six months. However, since the error here goes to the punitive discharge rather than to any other aspect of the sentence, a reduction in the term of confinement can hardly be considered as purging the error. United States v Fowle, 7 USCMA 349, 22 CMR 139.

Accordingly, the decision of the board of review is reversed. A rehearing on the sentence may be ordered.

Chief Judge QUINN and Judge FERGUSON concurs.