**UNITED STATES, Appellee,**

v.

**Alphonso BROWN, Lance Corporal,
U. S. Marine Corps, Appellant.**

No. 39781.
NCM 80–0768.

U. S. Court of Military Appeals.

July 6, 1982.

For Appellant: *Lieutenant Commander Patrick A. Fayle, JAGC, USN* (on brief).

For Appellee: *Commander T. C. Watson, Jr., JAGC, USN, Captain Charles Wm. Dorman, USMC* (on brief).

## OPINION OF THE COURT

**PER CURIAM:**

Appellant was tried by a general court-martial composed of officer members, con-vened at the Marine Corps Logistics Base, Albany, Georgia. Pursuant to his pleas, he was convicted of attempted rape and as-sault with attempt to commit sodomy, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 years, forfeiture of all pay and allowances, and reduction to the grade of E–1. The Convening Authority ap-proved the sentence but suspended confine-ment exceeding 3 years.

Prior to the court members' deliberation on sentence, the military judge gave the following instructions:

The court will then vote by secret written ballot on each proposed sentence in its entirety, beginning with the lightest, un-til a sentence is adopted by the required concurrence of two-thirds of the mem-bers, that is, five of the members now present. Any sentence which includes confinement at hard labor in excess of ten years requires the concurrence of three-fourths, that is, six of the members now present. Of course, any lesser sen-tence requires the concurrence of two-thirds, that is, five of the seven members present.... Once a sentence has been reached, however, any member of the court may propose that it be reconsid-ered.

The question of reconsideration shall be determined by secret written ballot, and a reballot on the sentence with a view to increasing it will be taken only if a ma-jority of the members present vote in favor thereof; but a reballot on the sen-tence with a view to decreasing it will be taken if the vote indicates that reconsid-eration is not opposed by the number of votes required for the sentence that was previously agreed upon. Thus, as there are seven members, four must vote for a reconsideration with a view to increasing the sentence and three must vote for a reconsideration with a view to *increasing*

the sentence if the sentence includes, at that stage, confinement at hard labor for ten years or less, or two must vote for reconsideration with a view to decreasing the sentence if the sentence at that stage includes confinement at hard labor in excess of ten years.

(Emphasis added.) Appellant did not, at trial, object to the instructions given or request additional instructions. He now contends that he was prejudiced by the military judge's mistaken use of the word "increasing" (as emphasized above) instead of "decreasing."

All parties agree that the word "decreasing" should have been used instead of "increasing." *See* Article 52(c), UCMJ, 10 U.S.C. § 852(c), *and* para. 76*d*, Manual for Courts-Martial, United States, 1969 (Revised edition). As no certificate of correction * of the record has been brought to our attention, we assume that the military judge misspoke himself. Therefore, the question is whether appellant was prejudiced by the erroneous instruction. Article 59(a), UCMJ, 10 U.S.C. § 859(a). We conclude that he was not.

First, considering the instructions as a whole, we think it evident what the military judge meant to say. We have no doubt that the court members understood as well. In addition, trial defense counsel's failure to object at trial suggests to us that he did not perceive the instruction to be prejudicially erroneous and induces us to evaluate the instruction in the same light. *Cf. United States v. Ryan*, 21 U.S.C.M.A. 9, 44 C.M.R. 63 (1971), and *United States v. Wood*, 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969). Further, there is no indication that reconsideration was ever proposed by a member; the erroneous instruction was given in conjunction with all of the other instructions prior to sentence deliberations and not in response to any specific request. In this regard, we note that the court-martial was closed for only 40 minutes, during which time the members concluded their entire deliberations on sentence. These circumstances satisfy us that appellant was not prejudiced by this obviously inadvertent misstatement. Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

---

* Para. 86*c*, Manual for Courts-Martial, United States, 1969 (Revised edition).