UNITED STATES, Appellee,

v.

Specialist Four David S. KIDDO, SSN
572–31–2946, United States
Army, Appellant.

SPCM 18646.

U.S. Army Court of Military Review.

29 July 1983.

Captain Frank J. DiGiammarino, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, and Captain Michael T. Kelly, JAGC.

Captain Edmond R. McCarthy, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Glenn D. Gillett, JAGC.

Before CLAUSE, COKER, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

In accordance with his pleas, appellant was convicted of negligent destruction of U.S. Government property in violation of Article 108, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 908 (1976), assault with a means likely to cause grievous bodily harm, assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976), and was acquitted of willful destruction of U.S. Government property and wrongful appropriation of a U.S. Government vehicle in violation of Article 121, UCMJ, 10 U.S.C. § 921 (1976). A special court-martial composed of officer and

enlisted personnel, sentenced him to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $336.00 pay per month for six months. The convening authority reduced the period of confinement at hard labor and forfeitures to four months and approved the remainder of the sentence. Appellant's primary allegation is that the presentencing argument of the prosecutor constituted prejudicial error requiring reassessment of the sentence. We disagree.

■ In his argument on sentence, the prosecutor started by asking for the maximum punishment and later stated:

[T]he commanders in this case have decided, by their recommendations, that the punishment is fitting, suitable. This is a suitable punishment, the maximum punishment is suitable.

And that's what we're asking—that's what I'm asking you to consider, the maximum punishment for a case where a person victimized another person.

The prosecutor may not in argument purport to speak for the convening authority or refer to the views of such an authority. Paragraph 75f, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Crutcher,* 11 U.S.C.M.A. 483, 29 C.M.R. 299 (1960); *United States v. Olson,* 7 U.S.C.M.A. 242, 22 C.M.R. 32 (1956). The thrust of this prosecutor's argument is that by their recommendations and referral of appellant's case to a bad-conduct discharge special court-martial, the appellant's commanders have determined that it was suitable for the government to request the maximum punishment. It was not a statement of either command policy or desires. Although the import of the statement is not so innocuous as to pass the studied scrutiny of appellate review, at trial it was not so apparent as to draw the attention of the trial judge, or to cause any objection by trial defense counsel.

■ Not all improper argument by a prosecutor is grounds for reversal. *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969). Normally, failure to make a timely objection where harmful affects

can be ameliorated by prompt instructions, raises the doctrine of waiver. While we find the comment of the prosecutor improper, we do not find that the error was so flagrant that the trial judge was required to give a *sua sponte* instruction. We need not, however, consider waiver under the circumstances of this case. We have evaluated the prosecutor's argument as a whole and considering it in the light of the entire record, we are satisfied that the improprieties in the argument were not prejudicial to the appellant. Further, we are satisfied that the convening authority's action which granted clemency in reducing the adjudged punishment by one-third, removed any possible adverse impact of the prosecutor's remarks. With respect to the bad-conduct discharge, we find it fully warranted by the seriousness of the offenses and the appellant's military record. We note, in this regard, the absence of any defense request at trial or the petition for clemency that the appellant be retained on duty.

■ The allegation that the appellant's plea was not provident is not meritorious. A plea of guilty may be predicated on appellant's assessment of the government evidence when he is unable to recall the facts relating to the offense and he is convinced of his own guilt. *United States v. Moglia,* 3 M.J. 216 (C.M.A.1977). The appellant expressed his conviction of his guilt based on a review of the government's evidence. The statement of alleged inconsistency is a statement only of his personal inability to recall the facts.

The findings of guilty and the sentence are affirmed. However, so much of the convening authority's action as directs that the forfeitures will apply to allowances becoming due on and after the date of the action is set aside.

Senior Judge CLAUSE concurs.

WERNER, Judge, concurring in part and dissenting in part:

I concur with the majority opinion as it relates to the findings, but dissent as to the sentence. The Court of Military Appeals

has consistently held that where court members are importuned, as they were in this case, by argument of counsel to render a certain sentence in order to comply with command desires, policies or directives concerning military discipline, prejudicial error exists. *United States v. Grady,* 15 M.J. 275 (C.M.A.1983); *United States v. Allen,* 20 U.S.C.M.A. 317, 43 C.M.R. 157 (1971); *United States v. Lackey,* 8 U.S.C.M.A. 718, 25 C.M.R. 222 (1958); *United States v. Davis,* 8 U.S.C.M.A. 425, 24 C.M.R. 235 (1957); *United States v. Estrada,* 7 U.S.C.M.A. 635, 23 C.M.R. 99 (1957); *United States v. Fowle,* 7 U.S.C.M.A. 349, 22 C.M.R. 139 (1956). The underlying rationale behind these decisions is that because such error injects the appearance of unlawful command influence into the court's sentencing deliberations, it raises substantial doubt as to the fairness and impartiality of the proceedings. *United States v. Fowle, supra; United States v. Hawthorne,* 7 U.S.C.M.A. 293, 22 C.M.R. 83 (1956).

Once the appearance of unlawful command influence has infected the sentencing proceedings because of trial counsel's improper actions, there is a rebuttable presumption of prejudice. *United States v. Johnson,* 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964). This presumption may be overcome if it appears that: "the court members were unaffected in their deliberations", *id.* at 551, 34 C.M.R. at 331; or the trial judge took appropriate steps to curb the deleterious effect of the trial counsel's action, *United States v. Grady,* and *United States v. Lackey,* both *supra;* or the convening authority took appropriate curative action. *See United States v. Lackey,* and *United States v. Fowle,* both *supra.*

I find none of these panacea extant in this case. For one thing, the trial counsel's argument for the maximum sentence was successful. Second, the military judge took no action to insure that the court members disregarded the improper argument.* Third, the convening authority's reduction

of confinement from six to four months was not motivated by a desire to correct the evil resulting from the trial counsel's improper argument. Rather, it was based on administrative convenience. The Staff Judge Advocate, in advising the convening authority to exercise clemency, recommended a reduction of confinement because there was "little utility or benefit to the Army to keep [the appellant] in confinement for the full six months when he is only to be discharged at the end of confinement." Since the prejudice in this case resulted from the trial counsel's implied demand for a bad-conduct discharge, the error cannot be purged by simply reducing the period of confinement. *United States v. Johnson,* 1 M.J. 213 (C.M.A.1975).

I would take corrective action in this case by ordering that the bad-conduct discharge be set aside.

---

* Examples of remedial action include: interruption of counsel and condemnation of his argument, *United States v. Nelson,* 20 C.M.R. 849 (A.F.B.R.1955); ordering a retraction, *United States v. Lackey,* 8 U.S.C.M.A. 718, 25 C.M.R. 222 (1958); or comprehensive limiting instructions, *United States v. Grady,* 15 M.J. 275 (C.M.A.1983).