UNITED STATES, Appellee,

v.

Willie D. KIRKPATRICK, Sergeant First Class, U.S. Army, Appellant.

No. 65,532.
CM 8901682.

U.S. Court of Military Appeals.

Argued April 24, 1991.

Decided Sept. 12, 1991.

For Appellant: *Captain Alan M. Boyd* (argued); *Colonel Robert B. Kirby* and *Lieutenant Colonel Russell S. Estey* (on brief).

For Appellee: *Captain Joel J. Berner* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez, Captain Gary A. Khalil* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried* during the spring of 1989 by a special court-martial which included enlisted members at Fort McClellan, Alabama. Contrary to his pleas, he was convicted of failure to obey a noncommissioned officer (two specifications) and wrongful use of marijuana, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 USC §§ 892 and 912a, respectively. The members sentenced appellant to a bad-conduct discharge and reduction to Private E–1. The convening authority approved the sentence. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated September 7, 1990.

On January 7, 1991, we granted review of the following issues:

I

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY INSTRUCTING THE COURT MEMBERS ON SENTENCING TO CONSIDER FACTS (*i.e.*, ARMY DRUG POLICY) NOT IN EVIDENCE.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN

---

* The arraignment portion of the record of trial was not authenticated. *See* RCM 1104(a)(2)(A),

Manual for Courts-Martial, United States, 1984.

HOLDING THAT THE MILITARY JUDGE'S INSTRUCTION CONCERNING THE ARMY DRUG POLICY CONSTITUTED "AT MOST, HARMLESS ERROR."

## III

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY IMPROPERLY INSTRUCTING THE COURT MEMBERS ON SENTENCING THAT THEY COULD ONLY UTILIZE APPELLANT'S FALSE TESTIMONY TO DETERMINE WHETHER OR NOT APPELLANT SHOULD BE DISCHARGED.

We hold that the military judge's instructions concerning Army drug policy constituted plain error in this case. *United States v. Grady*, 15 MJ 275 (CMA 1983). *See United States v. Fisher*, 21 MJ 327, 328 (CMA 1986). Since a new sentence hearing is required on this basis alone, we need not consider the remaining granted issue.

 The military judge gave the following instructions to the members on matters to be considered in fashioning an appropriate sentence:

Okay. He has an ARCOM [Army Commendation Medal] with two oak leaf clusters, and I think he's got four awards of the Good Conduct Medal, among others. There is no evidence that he has any criminal record from civilian life. There's no evidence of any Article's 15 or courts-martial convictions. Consider the testimony of the three defense witnesses who came in and testified live as to the quality of his work. His efficiency apparently requires little or no supervision, and is very proficient and gets the mission done. And at least by implication, the accused has expressed to you a desire to remain in the service. Now, on the other hand, you can consider this letter of reprimand he received, although there is also rebuttal to that letter provided by him which must be considered. *Consider the nature of the offenses, particularly the fact that one of the* *offenses involves marijuana, and consider all the time and money and expense that the Army consumes each year to combat marijuana, and here we have a senior noncommissioned officer directly in violation of that open, express, notorious policy of the Army: Though [sic] shalt not.*

(Emphasis added.) Defense counsel did not object to these instructions.

In *United States v. Grady, supra* at 276, this Court addressed the propriety of counsel referring in their sentencing arguments to a local command policy of zero toleration of drug abuse. We said:

We have long condemned any references to departmental or command policies made before members charged with sentencing responsibilities. *United States v. Silva*, 8 USCMA 105, 23 CMR 329 (1957); *United States v. Estrada*, [7 USCMA 635, 23 CMR 99 (1957)] and *United States v. Fowle*, [7 USCMA 349, 22 CMR 139 (1956)]; *see also United States v. Davis*, 8 USCMA 425, 24 CMR 235 (1957). This is not in any way to intimate that there is anything wrong with the determination and promulgation of general service or command policies and pronouncements which are a proper exercise of the command function. *United States v. Estrada, supra* at 638, 23 CMR at 102. What is improper is the reference to such policies before members in a manner which in effect brings the commander into the deliberation room. *United States v. Fowle, supra* at 351, 22 CMR at 141. It is the spectre of command influence which permeates such a practice and creates "the appearance of improperly influencing the court-martial proceedings" which "must be condemned." *United States v. Hawthorne*, 7 USCMA 293, 297, 22 CMR 83, 87 (1956).

We agree with the implied holding of the court below that the similar comments on purported Army drug policy made by the judge in this case were erroneous. *See also United States v. Clifton*, 15 MJ 26, 29–30 (CMA 1983).

Nevertheless, we disagree with that court that this error can be considered harmless in appellant's case. Art. 59(a), UCMJ, 10 USC § 859(a). In *United States v. Grady, supra* at 276, we found prejudicial error even when the judge gave curative instructions to the effect that the members should rely on their "independent determination" "regardless of what SAC policy is, or any other policy is." In appellant's case, the judge himself injected the improper command-policy considerations into the members' deliberations. Moreover, the "too little, too late" instructions which we rejected in *Grady* were not given in this case. Accordingly, regardless of the purported awareness of the members of the existence of such a policy, the uncorrected instruction to the members to actually consider this policy in sentencing was unfairly prejudicial. *See generally United States v. Fisher, supra* at 328.

■ Finally, we must reject the Court of Military Review's finding of waiver which was based on defense counsel's failure to object. *See* RCM 1005(f), Manual for Courts–Martial, United States, 1984. In *United States v. Grady, supra,* we noted that trial counsel initiated consideration of command policy without objection by defense counsel. In addition, we noted that defense counsel made responding sentencing arguments denigrating this command policy in light of overall Air Force Policy. *See United States v. Sherman,* 32 MJ 449 (CMA 1991). Nevertheless, because this Court considered this matter critical to the integrity of the military justice system, we intimated that the fact of reference alone was sufficient to permit appellate review. *See* Art. 37, UCMJ, 10 USC § 837. Accordingly, a finding of waiver of such an obvious and substantial error is likewise inappropriate. *See generally United States v. Fisher,* supra at 328.

The decision of the United States Army Court of Military Review as to sentence is reversed. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Judge COX and Senior Judge EVERETT concur.