OLIVER, Chief Judge:
A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of two specifications of indecent acts with his 12-year-old stepdaughter in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1994) [hereinafter UCMJ]. The court sentenced him to confinement for 7 months, forfeiture of all pay and allowances, reduction to the lowest enlisted pay grade, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.
*883 We have reviewed the record of trial, the appellant’s three assignments of error,[1] and the Government’s response. After receiving the original briefs of the parties, we specified an additional issue.[2] Upon careful consideration, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Art. 59(a), UCMJ, 10 U.S.C. § 859(a). We will discuss the issues in order.
Trial Counsel’s Argument
The appellant first contends that the trial counsel committed plain error when he referred to the Navy’s “core values” policy in his argument on sentencing. We disagree.
The trial counsel has an obligation to represent the Government zealously and argue for a severe sentence if he or she, as the Government’s advocate, believes it to be appropriate. United States v. Edwards, 35 M.J. 351, 356 (C.M.A.1992). However, “[t]rial counsel may not ... refer to the views of ... [the convening or higher] authorities or any policy directive relative to punish-ment____” Rule foe Courts-Maetial 1001(g), Manual foe Courts-Maetial, United States (1995 ed.)[hereinafter R.C.M.]. See United States v. Grady, 15 M.J. 275, 276 (C.MA.1983).
In the instant case, the trial counsel effectively cross-examined one of the appellant’s sentencing witnesses concerning the Navy’s “core values.” Record at 403. Shortly thereafter, the trial counsel referred to this testimony in arguing' that the members “have to discharge this man because as the naval service we cannot ... tolerate individuals who sexually abuse their children---This man must be dishonorably discharged from the service. His service, no matter how meritorious, is incompatible with the very core values that we must all support. It goes without saying.” Record at 405.
We see nothing inappropriate about this argument. The Navy’s core values (honor, courage, and commitment) do not constitute guidance from higher authority related to punishment. Rather, they are aspirational concepts which all Navy personnel are expected to know and follow. Failure to comply with them does not necessarily require any specific punishment or disposition. The trial counsel was arguing that the appellant in this case, by sexually abusing his 12-year-old stepdaughter, had fallen so far short of the standards expected of Navy personnel that a dishonorable discharge was appropriate.
Even assuming arguendo that the trial counsel’s argument was improper, we would still conclude that the appellant is entitled to no relief. The nature of the trial counsel’s argument in this case and the failure of the trial defense counsel to object are analogous to United States v. Kropf, 39 M.J. 107 (C.M.A.1994). In Kropf, the trial counsel argued, inter aha: “He’s a blight upon the Naval service and he must be removed from the Naval service. The Navy has a zero tolerance policy towards drugs for a reason, a very good reason.” Kropf, 39 M.J. at 108. The defense counsel did not object or request a curative instruction. Kropf distinguished *884 two analogous opinions, United States v. Kirkpatrick, 33 M.J. 132 (C.M.A.1991), and Grady, 15 M.J. at 275, by noting that “[i]t is neither ‘clear’ nor ‘obvious’ that the argument infected the members’ deliberations with Navy policy or that it affected a substantial right of appellant.” Kropf, 39 M.J. at 109.
As in Kropf, the appellant neither objected to the argument at trial nor requested a curative instruction. “Failure to object to improper argument before the military judge begins to instruct the members on sentencing shall constitute waiver of the objection.” R.C.M. 1001(g). The members were obviously not unduly influenced by the argument, adjudging a bad-conduct discharge rather than the dishonorable discharge the trial counsel wanted. Even if we were to find error, therefore, it was not so plain or prejudicial as to entitle the appellant to the remedy he seeks. See United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). This assignment of error is without merit.
Sentence Appropriateness
The appellant next contends that his sentence, which includes an unsuspended bad-conduct discharge, is inappropriately severe. We disagree.
While the appellant’s record was otherwise impressive and unmarred by any disciplinary history, the offenses of which he was convicted were very serious ones. The members and the convening authority carefully considered the evidence and arguments the appellant makes for why this court should now set aside his punitive discharge. At each stage they determined that this sentence was appropriate. To provide relief at this point would be an exercise of clemency, a discretionary function reserved solely for the convening authority. United States v. Healy, 26 M.J. 394, 395-96 (C.M.A.1988); R.C.M. 1107(b). This assignment of error is without merit.
Pretrial Punishment
In a summary assignment of error, the appellant argues that the military judge erred when he ruled that the appellant’s pretrial restriction was not tantamount to confinement and therefore failed to award him credit against his sentence. The military judge heard a motion at trial on the issue of pretrial punishment. After considering the evidence, hearing argument, and reviewing the applicable legal principles, the military judge denied this motion. Record at 70-72 (essential findings of fact and conclusions of law). We adopt his findings of fact, which are well supported in the record, as our own. The military judge correctly applied the rule of law. This assignment of error is without merit.
Application of Military Rule of Evidence 707
In the specified issue, the parties discussed whether the military judge ruled correctly that the appellant could not introduce evidence that his confession was involuntary because it was obtained through the use of polygraph examinations. Since the time when we specified the issue, the U.S. Supreme Court overruled the Court of Appeals of the Armed Forces on a closely related matter. United States v. Scheffer, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) rev’g, 44 M.J. 442 (1996). In Scheffer the Supreme Court held that Military Rule of Evidence 707 does not unconstitutionally abridge the right of an accused service member to present a defense. Scheffer, 523 U.S. at ___, 118 S.Ct. at 1269. Since the military judge based his ruling on that same rule of evidence, the holding in Scheffer disposes of the issue.
Conclusion
Accordingly, we affirm the findings and the sentence, as approved on review below.
Judge CLARK and Judge LEO concur.

. I. THE TRIAL COUNSEL COMMITTED PLAIN ERROR WHERE HE IMPROPERLY REFERRED TO THE NAVY CORE VALUES POLICY DURING HIS SENTENCING ARGUMENT.
II. APPELLANT'S SENTENCE WHICH INCLUDES AN UNSUSPENDED BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.
III. THE MILITARY JUDGE ERRED WHEN HE FAILED TO AWARD APPELLANT CREDIT FOR PRETRIAL RESTRICTION WHICH WAS TANTAMOUNT TO CONFINEMENT WHERE APPELLANT WAS REQUIRED TO LIVE IN THE TRANSIENT PERSONNEL BARRACKS; WAS SUBJECT TO UNANNOUNCED ROOM INSPECTIONS; WAS NOT AUTHORIZED TO POSSESS OR WEAR CIVILIAN CLOTHING; WAS REQUIRED TO MUSTER PERIODICALLY EACH DAY; WAS AUTHORIZED ONLY ON-BASE LIBERTY, AND THEN ONLY UNTIL 2100; WAS RELIEVED OF HIS NORMAL DUTIES AS AN INSTRUCTOR BECAUSE HIS REQUIRED MUSTERS CONFLICTED WITH HIS CLASS SCHEDULE; AND WAS ONLY PERMITTED TO SEE HIS WIFE AND SON UNDER CONTROLLED CONDITIONS. (References and citation omitted.)

. DID THE MILITARY JUDGE IMPROPERLY APPLY MILITARY RULE OF EVIDENCE 707 BY DENYING THE APPELLANT HIS RIGHT, UNDER MILITARY RULE OF EVIDENCE 304(e)(3) AND THE CONSTITUTION, TO DEMONSTRATE THAT HIS CONFESSION WAS INVOLUNTARY BECAUSE IT WAS OBTAINED THROUGH THE USE OF POLYGRAPHS?