UNITED STATES

v.

Airman Micheal T. CARO, FR 449–59–3612, United States Air Force.

ACM S26684.

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Dec. 1984.

Decided 28 June 1985.

Appellate Counsel for the accused: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

Consistent with his pleas, the appellant was convicted of stealing two guitars of a total value of $845.96 and was sentenced to a bad conduct discharge, confinement for two months, forfeiture of $250.00 per month for two months and reduction to airman basic. In their only assignment of error, appellate defense counsel argue that the military judge erred when he admitted, as a matter in aggravation, appellant's statement to the security police denying involvement in the theft. We find harmless error.

R.C.M. 1001(b)(4) permits the prosecution to "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." The discussion accompanying the rule indicates that evidence in aggravation may include evidence of impact on the victim and "of *significant* adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense." [Emphasis added.] As to the facts before us, it would be difficult to argue that the appellant's false statement did not relate to the offense. The issue, however, is whether evidence of the false statement showed how the *theft*, or the actions of the accused in the course of the theft, impacted on the victim or significantly affected the command.

■ At trial the government argued that the false statement was admissible as aggravation because it

"impacted on the ability of the security police to locate the other guitar which has since been resold, and it impeded the investigatory process thereby aggravating the ultimate result in this case, and that is that Airman Brown will no longer be able to get back the guitar that was sold."

The trial judge admitted the challenged statement saying "it would be a proper aggravating factor as to its impact upon the mission of the investigating agency, and additionally, the impact upon the recovery of [the victim's] property." We disagree.

Although the evidence of the statement would show that the interview of the accused failed to bring an end to the investigation, the government offered no evidence that a continued investigation had a *significant* adverse impact on the police squadron or its mission. Indeed, it would seem that the squadron was merely required to continue to perform its mission, the investigation of crime. If the government wanted to show that the theft involved such an expenditure of security police resources that it had a significant adverse impact on the police squadron, it could have tried to do so by offering evidence which more straightforwardly proved such impact. If, as the trial counsel argued, the government's goal was to show that the victim suffered the permanent deprivation of his guitar, that fact was already before the court in the stipulation of fact.

Despite the government's argument at trial, however, evidence that the accused

lied when questioned about the theft tended to prove nothing regarding the impact of the crime. On the contrary, it was evidence of conduct wholly separate from the charged offense. Its most obvious effect was to show that the sentence should be more severe because the accused had lied and had failed to assist the investigators by incriminating himself. We have concluded that such evidence was far more likely to serve as improper character evidence and unfair comment on the accused's right to remain silent than to describe consequences of the theft. R.C.M. 1001(b); Mil. R.Evid. 301(f)(1); *see* Mil.R.Evid. 403. It was, therefore, not relevant to the issue of aggravation. Mil.R.Evid. 401, 402. Accordingly, we find that the military judge erred when he admitted such evidence as aggravation.*

■ Having considered this error and the question of its effect on the adjudged sentence, we are satisfied, in light of all the

evidence properly before the court, that the accused was not burdened with a sentence more severe than that which might otherwise have been imposed. *See United States v. Carroll,* 20 U.S.C.M.A. 312, 43 C.M.R. 152 (1971). On the basis of the entire record, we have concluded that the findings and sentence are correct in law and fact and that no prejudicial error was committed. The findings and sentence are, therefore,

AFFIRMED.

RAICHLE and CANELLOS, Senior Judges, concur.

---

* We note that the appellant expressed remorse for the offense, stated that he had tried to make restitution, submitted evidence regarding his rehabilitation potential, and, through his counsel, asked for an opportunity to be rehabilitated. Although the evidence of the false statement was not a proper matter in aggravation, it could

properly have been admitted in rebuttal of the matters raised by the appellant. R.C.M. 1001(d). *See United States v. Warren,* 13 M.J. 278 (C.M.A.1982).