# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class NICHOLAS S. LAFOLLETTE
### United States Air Force

## ACM 38174

## 14 January 2014

Sentence adjudged 30 March 2012 by GCM convened at Ramstein Air Base, Germany.  Military Judge:  Dawn R. Eflein.

Approved Sentence:  Confinement for 3 years and 11 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Nicholas D. Carter.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Major Jason S. Osborne; and Gerald R. Bruce, Esquire.

Before

HARNEY, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

At a general court-martial the appellant was convicted, in accordance with his pleas, of fleeing the scene of an accident in violation of Article 134, UCMJ, 10 U.S.C. § 934.  A panel of officer members also convicted the appellant, contrary to his pleas, of possessing visual depictions of minors engaging in sexually explicit conduct, viewing visual depictions of minors engaging in sexually explicit conduct, and attempted larceny of property of a value of less than \$500[1], in violation of Articles 134 and 80,

---

[1] The appellant was charged with larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921, but convicted of the lesser included offense of attempted larceny.

UCMJ, 10 U.S.C. §§ 934, 880. The adjudged and approved sentence consisted of confinement for 3 years and 11 months, total forfeitures, and reduction to E-1.[2]

On appeal, the appellant argues that: (1) The military judge erred by allowing testimony which was too remote to be relevant and was unduly prejudicial; (2) The military judge erred by allowing improper sentencing argument from assistant trial counsel; (3) Assistant trial counsel committed prejudicial misconduct during sentencing argument; and (4) His sentence is inappropriately severe.[3]

*Background*

The appellant and Airman (Amn) JM became friends in technical school and were assigned to Ramstein Air Base, Germany as their first duty station. While at Ramstein, the appellant and Amn JM spent a lot of time together and Amn JM would often spend the night at the appellant's house. In January 2011, while he was staying with the appellant, Amn JM used the appellant's computer to watch a movie and discovered a video file depicting two young boys being anally sodomized by an adult male.

Upset by what he had seen, Amn JM called Senior Airman (SrA) LP to discuss the situation. SrA LP and his wife, Mrs. DP, drove to the appellant's house to get Amn JM and help him remove his things from the residence. Later, SrA LP and Mrs. DP returned to the appellant's home to retrieve some items Amn JM had forgotten.

When SrA LP and Mrs. DP arrived at appellant's house, the appellant, his mother and a neighbor were just getting ready to eat. SrA LP pulled the appellant aside and told him what Amn JM found on his computer. The appellant denied having child pornography on his computer. SrA LP and Mrs. DP then left.

Mrs. DP returned to the house briefly when she realized she had forgotten to get one of the items she was there to retrieve for Amn JM. When Mrs. DP returned, she entered without knocking. Upon entering the house, she could see the appellant sitting on the couch with his laptop computer. From the placement of his hands, she could tell he was not typing and it appeared as though his hand was on the laptop mouse pad. She noted that the appellant had a concerned, worried look on his face. The appellant's mother and his neighbor were sitting at the table eating pizza.

Eventually, Amn JM reported what he found to a noncommissioned officer in his squadron. Based on the report of Amn JM, the Air Force Office of Special Investigations (AFOSI) interviewed the appellant on 18 January 2011. The appellant admitted to having some child pornography files "recently deleted" on his computer.

---

[2] The Court-Martial Order (CMO), dated 19 July 2012, does not state the place of arraignment and incorrectly refers to the Charge as "Charge I." The Court orders the promulgation of a corrected CMO.

[3] This issue is raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

During the Government's case in chief, Mr. CH was qualified as an expert in computer forensics. Mr. CH testified that he had examined the appellant's computer and that there had been a large amount of files deleted sometime between 8-18 January 2011. Mr. CH could not say whether the files were manually deleted or deleted by a scheduled computer program. He also could not say what files were deleted although he did determine that some of the files deleted were in the internet search history. The defense objected to Mr. CH's testimony as outside the charged timeframe. The military judge overruled the objection and allowed the testimony as "consciousness of guilt" evidence.

At the court-martial, the appellant pled guilty to fleeing the scene of an accident while driving a car lent to him by SrA DS. During the providency inquiry, the military judge asked the appellant to explain how his conduct was "prejudicial to good order and discipline." The appellant responded:

> Because of what had happened, ma'am, and [my friend] was deployed, [law enforcement] had contacted him and I had told him what allegedly happened here, yes, ma'am.

Upon further questioning by the military judge, the appellant admitted that it caused his deployed friend angst or grief.

In the presentencing phase of the appellant's court-martial, the Government called SrA DS as a witness. Trial defense counsel made an oral motion in limine to preclude SrA DS from testifying that the appellant had lied to him about the manner in which his car had been damaged. The military judge denied the motion in limine. In so ruling, the military judge explained that the appellant, in his *Care*[4] inquiry, stated that the reason his conduct was prejudicial to good order and discipline was because of the angst the accident caused SrA DS while he was deployed. As such, she determined the conversations between the appellant and SrA DS were relevant facts and circumstances of the case that related to the element of conduct prejudicial to good order and discipline.

The appellant elected to make an oral and written unsworn statement. In his oral unsworn statement, he told the court members, "I admitted to OSI what I had done." Although in slightly different words, he echoed this sentiment in his written unsworn statement.

In his sentencing argument, assistant trial counsel argued, in reference to the appellant's statement to AFOSI, that "[e]ach time [the appellant] tried to tell the truth, he lied." Trial defense counsel objected immediately. Assistant trial counsel proffered to the military judge that the lies were aggravation evidence. The military judge overruled the objection concluding it was "fair comment." Further into his sentencing argument,

---

[4] *United States v. Care*, 40 C.M.R. 247 (1969).

assistant trial counsel stated "[when] he was pleading guilty, guilty to [leaving the scene of an accident], he was caught in a lie. You heard it. He lied to the judge." Trial defense counsel again objected. The military judge sustained the objection, advising assistant trial counsel "you can talk about what the evidence is, but please don't characterize it." Assistant trial counsel made two additional references to alleged lies told by the appellant during his argument that did not draw an objection. He argued that the appellant lied to SrA DS about the cause of the damage to his car, and in discussing a dishonorable discharge he also argued that all of the appellant's lies were dishonorable.

Also during his sentencing argument, assistant trial counsel discussed the fact that the "hardest part" of the trial was knowing that watching the videos was "something that would give [the appellant] an erection." Assistant trial counsel then referenced the appellant watching the videos with agents from AFOSI. Trial defense counsel objected, not to the reference to the appellant getting an erection, but to the statement that implied the appellant watched all of the videos with AFOSI. The military judge sustained the objection and chastised assistant trial counsel not to mischaracterize the evidence.

*Testimony of Mrs. DP*

The appellant contends the military judge erred by allowing Mrs. DP to testify about what she observed when she entered the appellant's house. The appellant labels the testimony as "too remote," but essentially is arguing the evidence does not reasonably support a finding by the members that the appellant was deleting files from his computer when he was observed by Mrs. DP.

This Court reviews the military judge's evidentiary rulings for an abuse of discretion. *United States v. Barnett*, 63 M.J. 388, 394 (C.A.A.F. 2006). Evidence of uncharged misconduct is impermissible for the purpose of showing a predisposition toward crime or criminal character. However, uncharged misconduct can be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Mil. R. Evid. 404(b). In *United States v. Cook*, 48 M.J. 64, 66 (C.A.A.F. 1998), our superior court concluded that one of the "other purposes" for which uncharged misconduct may be admissible is evidence of "consciousness of guilt."

We review the admissibility of uncharged misconduct under Mil. R. Evid. 404(b) using the three-part test articulated in *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A. 1989) (citations omitted):

> 1. Does the evidence reasonably support a finding by the court members that appellant committed prior crimes, wrongs or acts?

2. What "fact . . . of consequence" is made "more" or "less probable" by the existence of this evidence?

3. Is the "probative value . . . substantially outweighed by the danger of unfair prejudice"?

The first prong of *Reynolds* requires that a preponderance of the evidence reasonably supports a finding that the appellant committed the uncharged act. *United States v. Morrison*, 52 M.J. 117, 121-22 (C.A.A.F. 1999) (citing *Huddleston v. United States*, 485 U.S. 681, 690 (1988)). In this case, we find that the evidence satisfies the first prong of the *Reynolds* test. In analyzing this issue, we do not look at Mrs. DP's testimony in isolation but rather consider it within the context of the surrounding circumstances. SrA LP had just confronted the appellant and told him what Amn JM had found on his computer. When Mrs. DP reentered the house, without knocking, the appellant was not sitting down to dinner, as his mother and neighbor were, but instead was on his laptop computer. Expert testimony established that a large amount of files were deleted from the accused's computer. While the expert could not pinpoint the exact date the files were deleted, he could narrow it down to a 10-day window, which corresponded with the time Mrs. DP saw the appellant on his computer. Furthermore, the appellant admitted, on 18 January 2011, that he had child pornography "recently deleted" on his laptop computer. Taking all of these facts into consideration, a preponderance of the evidence reasonably supports a finding that the appellant was deleting files from his computer when Mrs. DP observed him.

The second prong of the *Reynolds* test is likewise satisfied in this case. If the appellant deleted files upon being accused of having child pornography on his computer, it makes it more likely that he knowingly possessed and viewed child pornography on that computer.

Trial defense counsel initially objected to Mrs. DP's testimony before she was called as a witness. Based on the proffer of Government counsel, the military judge determined the testimony was admissible as consciousness of guilt. The defense asked the military judge to perform a Mil. R. Evid. 403 balancing test of the evidence. The military judge advised that she could not do so without actually hearing the testimony. The military judge instructed trial defense counsel to request a Mil. R. Evid. 403 balancing test once the witness testified if they still believed it was necessary. Trial defense counsel did not make such a request during or after Mrs. DP's testimony.

Regardless, we find the testimony in question passes a Mil. R. Evid. 403 balancing test and, thus, satisfies the third prong of the *Reynolds* test. Evidence that the appellant deleted files from his computer right after he was confronted about his possession of child pornography is highly probative on the issue of his consciousness of guilt. While the evidence was prejudicial to the appellant, it was not unfairly so. Introduction of this

evidence did not risk confusing the members nor was there a risk it would be used for some purpose other than the reason it was admitted. *See United States v. Mann*, 26 M.J. 1, 5 (C.M.A. 1988); *United States v. Cameron*, 21 M.J. 59, 64 (C.M.A. 1985).

*Improper Argument*

The appellant asserts that trial counsel improperly argued, as aggravation evidence, that the appellant lied to investigators and during his *Care* inquiry. Improper argument is a question of law that we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). Our test for improper argument is "whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). It is improper for trial counsel to seek unduly to inflame the passions or prejudices of the sentencing authority. *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983). Counsel should limit their arguments to "the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Baer*, 53 M.J. at 237. During sentencing argument "the trial counsel is at liberty to strike hard, but not foul, blows." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *Baer*, 53 M.J. at 237). Whether or not the comments are fair must be resolved when viewed within the context of the entire court-martial. *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001).

We have previously held that false statements about an offense made sometime after the offense are not admissible as evidence in aggravation. *United States v. Clabon,* 33 M.J. 904, 905-06 (A.F.C.M.R. 1991); *United States v. Caro*, 20 M.J. 770, 771-72 (A.F.C.M.R. 1985). However, the impact false statements have on investigative activities may be a proper aggravating factor if factually developed. *Caro*, 20 M.J. at 771.

During his sentencing argument, assistant trial counsel made four separate references averring the appellant lied to various individuals. First, he argued that the appellant lied to investigators in relation to the child pornography charges. Second, assistant trial counsel contended the appellant lied during the providency inquiry based on his plea to fleeing the scene of an accident. Third, he argued the appellant lied to SrA DS about the cause of the damage to his vehicle. Lastly, he referenced lies by the appellant as justification for imposing a punitive discharge. The appellant only addresses the first two of the references on brief but we will address all four such assertions by trial counsel.

Consistent with our prior decisions in *Clabon* and *Caro*, we agree with the appellant that the military judge's basis for allowing the argument was in error. However, our inquiry does not end here. While the reason articulated by the judge for allowing the argument is not supported by our current case law, the argument was not improper. The argument that the appellant lied to investigators was a reasonable inference given the evidence in the case. The appellant, himself, introduced the issue of

his truthfulness when he told the members in his unsworn statement he had been truthful with AFOSI when questioned. This statement was clearly made by the appellant to mitigate his possible punishment by claiming he cooperated fully with investigators. Once the appellant opened this door, it was appropriate for assistant trial counsel to attempt to rebut this claim in argument based on the facts of the case and the reasonable inferences that could be drawn therefrom.

When assistant trial counsel argued the appellant lied in his *Care* inquiry, the military judge immediately sustained the defense objection and admonished trial counsel not to characterize the evidence in such a fashion. Assistant trial counsel did not make any further accusations that the appellant lied during the *Care* inquiry but merely reiterated the facts the members had before them. If court members determine that an accused lied under oath at trial, they may consider that evidence when evaluating the accused's rehabilitative potential. Ordinarily, a mendacity instruction is provided to the members to advise them on the proper use of this type of evidence. In this case, no mendacity instruction was requested or provided. Absent a defense request for a mendacity instruction, we do not find the judge erred in failing to give one. *See United States v. Warren*, 13 M.J. 278, 285 n.9 (C.M.A. 1982) (noting that judge may instruct the court members as to the significance for sentencing purposes of false testimony given by the accused, but the judge should be hesitant about giving such instructions against the wishes of the defense, since it may prove counter-productive). Assistant trial counsel could have argued the alleged lie as showing a lack of rehabilitative potential; however, assistant trial counsel's argument in this case appeared to address it under the guise of the character of the appellant. To the extent this constituted arguing evidence for an improper basis, we find that any prejudice to the accused was neutralized by the trial judge's prompt sustainment of the defense objection.

Assistant trial counsel's two additional references to alleged lies told by the appellant did not draw an objection. "When a defense attorney fails to object to a sentencing argument at the time of trial, appellate courts review the statement for plain error." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). Under plain error analysis, the appellant "must demonstrate that: '(1) there was an error, (2) the error was plain or obvious, and (3) the error materially prejudiced a substantial right.'" *Id.* (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Argument that the appellant lied to SrA DS about how his car was damaged was proper as facts and circumstances surrounding the appellant's plea of guilty to fleeing the scene of an accident. When asked, during the *Care* inquiry, why his conduct was prejudicial to good order and discipline, the appellant stated that his story of what "allegedly" happened to the vehicle combined with the law enforcement involvement caused angst to a fellow Air Force member who was deployed.

Since the appellant was not charged with an offense relating to untruthfulness, it was improper for trial counsel to refer to lies allegedly told by the appellant to justify why a dishonorable discharge was appropriate. We find, however, that this brief reference did not materially prejudice a substantial right of the appellant. It is obvious the members did not give any weight to the argument. Not only did the members not impose the dishonorable discharge requested by the government, they gave the appellant no punitive discharge at all.

*Prosecutorial Misconduct*

The appellant asserts that trial counsel committed prosecutorial misconduct by arguing that the videos possessed and viewed by the appellant would give the appellant an erection. Although defense counsel objected shortly after this statement was made, the objection was not based on this statement and, therefore, we analyze for plain error.

In reviewing for plain error, we conclude that trial counsel's argument was not improper, and thus no prosecutorial misconduct occurred. Court members are not required to check their common sense and knowledge of the world at the door of the courtroom and trial counsel may make arguments that call upon the members to apply that common sense and knowledge. *See Warren*, 13 M.J. at 283 (noting the Manual for Courts-Martial does not purport to restrict court member's "consideration of logic [and] common sense"). Although the appellant denied being sexually aroused by the videos, the members and Government are not required to accept that assertion as fact. We find that it is a reasonable inference based on common sense and knowledge that someone who knowingly possessed and viewed videos of young boys engaged in sex acts did so because they were sexually aroused by the material and that it was not misconduct for assistant trial counsel to call upon members to make this inference based on the evidence. The comment may have been harsh, but it was not foul.

*Sentence Severity*

The appellant argues that his sentence is inappropriately severe in comparison to the sentences in other closely related cases. This Court reviews sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F.C.C.A. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, but are not

authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

In making a sentence appropriateness determination, we are required to examine sentences of closely related cases and are permitted, but not required, to do so in other cases. *United States v. Wacha*, 55 M.J. 266, 267-68 (C.A.A.F. 2001); *United States v. Christian*, 63 M.J. 714, 717 (A.F. Ct. Crim. App. 2006). "[A]n appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.' If the appellant meets that burden . . . then the Government must show that there is a rational basis for the disparity." *Lacy*, 50 M.J. at 288. "Cases are 'closely related' where, for example, they involve 'coactors involved in a common crime, service members involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared.'" *United States v. Anderson*, 67 M.J. 703, 706 (A.F. Ct. Crim. App. 2009) (quoting *Lacy*, 50 M.J. at 288). "Merely because a case involves similar charges brought under the same section of the UCMJ does not mean it is 'closely related' within the meaning of this Court's mandate to determine sentence appropriateness." *United States v. Rangel*, 64 M.J. 678, 686 (A.F. Ct. Crim. App. 2007).

The appellant has not met his burden of showing the cases he references are closely related to his. Other than the fact that the cited cases involved child pornography charges, there is no direct nexus between the appellant's case and those cases. We do not, under the facts of this case, feel it is appropriate to examine the sentences in other cases.

The maximum possible punishment in this case was a dishonorable discharge, confinement for 11 years, and forfeiture of all pay and allowances. The appellant was sentenced to 3 years and 11 months of confinement and did not receive a punitive discharge of any type. The appellant was convicted of wrongfully and knowingly viewing and possessing child pornography. These offenses, standing alone, constituted a serious breach of the law and failed to meet the standard of conduct expected of a military member. In addition to these offenses, the appellant was convicted of attempted shoplifting and fleeing the scene of an accident. Significantly, these two offenses were committed after the appellant was aware he was under investigation for child pornography.

We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. The approved sentence was clearly within the discretion of the convening authority and was appropriate in this case. Accordingly, we hold that the approved sentence is not inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court